STATE ex rel., JOHN G. GAINES *v.* THE JUDGE OF THE SECOND DISTRICT
COURT.

A bill of exceptions should be taken or reserved at the time the ruling of the Judge in the matter
complained of was made. If not then reserved, the Judge cannot be compelled on a subsequent
day to sign a bill of exceptions.

ON an application for a *mandamus* to the Second District Court of New
Orleans, *Morgan,* J.   *Clark & Bayne,* for the relator.

MERRICK, C. J.   This is an application for a rule to show cause why a writ
of *mandamus* should not issue to compel the Judge of the Second District
Court of New Orleans to sign a bill of exceptions.

The relator is the testamentary executor of *Simeon V. Sickles,* deceased.   In
his capacity of executor, he made an application for an inventory which the
Judge, after considering for some time, granted, but at the same time entered
therewith an order appointing an attorney and counsellor-at-law to represent
the absent heirs; that so soon as advised of the entry of the order and the ear
of the court could be obtained in order to show his dissent from that portion
of the decree, he tendered the Judge a bill of exceptions for signature, wherein
he stated that the appointment was made without any prayer to that effect by
petitioner, and that he excepted to the same as unnecessary, there being no
heirs absent and unrepresented, the will instituting the city of New Orleans as
heir, and that the court overruled the exception, and that thereupon the coun-
sel tendered his said bill of exceptions to be signed.

The object of a bill of exceptions is to place on the record and make part
thereof something which was done under the order of the court, during the
progress of the cause, which would not otherwise appear, in order that the ques-
tion of law arising from the ruling of the Judge, in the matter excepted to, may
be reviewed by the appellate court.   It should be taken or reserved at the time
the act objected to occurs.   If not then reserved, the Judge cannot be com-
pelled to sign a bill of exceptions at a subsequent day.

If the Judge of the lower court had seen fit to embody in a bill of exceptions
what occurred before him when the party was first advised of the order, such
as a motion to set it aside and his refusal or the like, it would not have been
improper; but in the bill tendered, it seems to us something more is stated than
the Judge was bound to admit (viz), that the executor excepted to the appoint-
ment as unnecessary, &c., which would imply that the objection was made at
the time of the appointment of the attorney for the absent heirs.

From the showing of the relator, we are satisfied that the record, as it now
stands, declares truly what occurred at the date of the entry complained of.
As no objection was made at the time of the entry of the order, the Judge can-
not be called upon now to sign a bill of exceptions which implies contrary to
the fact that an objection was made to the order at the time it was entered.

The application for the rule is dismissed at the costs of the applicant.