No. 6977.

30  457
111  210

## STATE OF LOUISIANA VS. RICHARD SMITH, ALIAS DICK SMITH.

In putting questions to witnesses in a criminal trial it is not permitted to assume as true, facts which have not been proved, and which the jury alone are charged with finding.

One witness can not testify in a criminal trial as to what another witness said on the examination before the committing magistrate, when that other witness is present in court, and not disqualified, and when it is not sought to contradict him.

The mere fact that an accused when under examination before a magistrate does not rise up and contradict the witnesses who testify against him, does not warrant the implication that he thereby confesses the truth of their statements.

To make the declarations of others evidence against an accused, when made out of his presence, it must be first shown that there was a conspiracy between him and them.

APPEAL from the Sixth Judicial District Court, parish of Tangipahoa. *Duncan*, J.

*H. N. Ogden*, Attorney General, and *J. H. Muse* for the State.

*Jas. M. Thompson* and *E. F. Russell* for defendant and appellant.

The opinion of the court was delivered by

SPENCER, J. The defendant was indicted, tried, and convicted on a charge of murdering one Eliza Whittington; was found guilty and sentenced to death. He appeals, and presents for our consideration various grounds for reversal of the sentence.

The first and second bills of exception present substantially the same questions, and may be considered together.

State vs. Smith.

The district attorney asked a State witness the following question:

"Leaving out of view the delusion that you were first under, when you saw an individual at and going round the house in which the murder was committed on the evening of Friday, March 16, that it was the brother of the deceased; and taking into consideration the description which you have heretofore given of the person of the individual whom you there saw, and supposing that the hat now exhibited to you, and which has been shown to have been worn by the accused on the day on the evening of which the murder was committed, had been worn by him (the defendant) on the seventeenth March when he appeared before the coroner's inquest, and, also, the shirt which he now has on, in an unwashed state, and also the pants which he now has on, would you, on that occasion, have had any doubt of the identity of the accused with the person above described and referred to?" Defendant's counsel objected to this question, on the grounds that it presents a "supposititious" case; that it is an attempt to elicit the opinion of the witness on a state of facts not established, and to elicit the witness's conclusions from a supposed state of facts—functions belonging exclusively to the jury. The objections were overruled and the witness allowed to answer. We think the court erred. This question is doubly objectionable. It assumes as true, and as already proved, two important facts, to wit: that the witness's first impression (that the person he saw was the brother of deceased) was a delusion; secondly, that the identical hat exhibited had been worn by the deceased on the day of the murder. In the next place, it is an attempt to identify a person upon a supposed state of facts, and that by the opinion of the witness. The witness had evidently testified that he took the person seen going round the house where the deceased was shot to be her brother. The question requires him to ignore this impression as a delusion, then proceeds to dress up and exhibit to the witness a man of straw, and then solicits the witness's opinion whether he *would have* entertained any doubt of the identity of that imaginary man with the accused. It was the province of the witness to state facts, and of the jury to draw inferences, opinions, and conclusions from those facts. In asking a question it is not permissible to assume as true facts which the jury is alone charged with finding. Thus, whether the witness's first impression was or was not a delusion, whether the hat exhibited was or was not the one worn by accused on the day of the murder, were questions to be determined by the jury, *upon the facts sworn to by the witnesses*, and not upon the assumption of the counsel.

Greenleaf, in Part 3, chapter 3 ?434, says: "The interrogatory *must not assume facts to have been proved which have not been proved*, nor that particular answers have been given which have not been given.

State vs. Smith.

The witness, except in certain cases hereafter to be mentioned, is to be examined only as to matters of fact within his own knowledge, whether they consist of words or actions; and to these matters he should, in general, be plainly, directly, and distinctly interrogated. Inferences or conclusions which may be drawn from facts, are ordinarily to be drawn by the jury alone, except where the conclusion is an inference of skill and judgment; in which case it may be drawn by an expert, and testified by him to the jury."

The third bill of exception was taken to the ruling of the court permitting a State witness to testify to the statements made by another witness, Esther King, on her examination before the committing magistrate and in presence of the accused. The defendant objected, on the ground that Esther King was alive and present in court; that the evidence sought is hearsay, and not the best evidence. The court admitted the evidence of these statements, because " the testimony of Esther King had not been taken down in writing" by the committing magistrate.

It is difficult to perceive upon what principle of law A is permitted to testify as to the statements made by another witness, B, when B is present in court, and in no way disqualified, and when it is not sought to contradict or discredit B.

It was argued that this evidence was offered in order to show an implied confession by the accused—inasmuch as these statements of Esther King were made in his presence and not contradicted by him. Even if a confession could be implied under such circumstances, still Esther King's own oath was the best evidence of what she had previously stated. But it is manifestly a misconception of the law to hold that because an accused, undergoing an examination in court, does not rise up and contradict each witness, that he thereby tacitly confesses the truth of their statements. The accused is not only under no obligation to do so, but in no properly conducted trial would be permitted to do so. Greenleaf says, part II. chapter XI. par. 197, note 3: " To affect a party with the statements of others, on the ground of his implied admission of their truth by silent acquiescence, it is not enough that they were made in his presence; *for if they were given in evidence, in a judicial proceeding*, he is not at liberty to interpose when and how he pleases though a party, and therefore is not concluded."

In Archbold's eighth edition, page 380, we find the following: " *Where a man, at full liberty to speak, and not in the course of a judicial inquiry*, is charged with a crime and remains silent, that is, make no denial of the accusation by word or gesture, his silence is a circumstance which may be left to the jury."

The fourth bill of exceptions was taken to the admission by the

State vs. Smith.

court of testimony going to show the declarations of an unnamed third person of his purpose to use money to have the deceased removed from the neighborhood, and going to show that the accused was a frequent visitor at the house of said unnamed person. The defendant objected that the declarations offered were those of unnamed and, to him, unknown parties; that until a conspiracy had been shown between him and such unnamed party the declarations of the latter were inadmissible against him. The court overruled the objections as going rather to the effect than to the admissibility of the evidence. The court erred. No principle is better settled than that to make the declarations of others evidence against an accused when made out of his presence, it must be shown that there was a conspiracy between him and them. Besides, it was unfair to conceal or withhold the name of the party whose declarations were sought to be offered. They should have been excluded. It is unnecessary to notice the other bills.

The verdict and sentence must be set aside and the cause remanded for a new trial according to law, and it is so ordered.