State vs. Taylor.

## No. 10,035.

### THE STATE OF LOUISIANA VS. WILLIE TAYLOR.

Sec. 3, Act 44 of 1877 requiring the order of the judge appointing jury commissioners to be recorded in the minutes of the court is directory only.

A motion to quash the venire for the second and third weeks of the term will not prevent the arraignment of the accused, as the validity of the indictment is not at issue.

To justify evidence of dangerous character of deceased, it must be shown that he made a hostile demonstration against the accused at the time of the homicide.

Irregularities in drawing the jury will not be sufficient to set aside the venire unless it is shown that some fraud has been committed or wrong done the accused.

A letter and invoice handed by a deputy sheriff to one of the jurors and first read by him will not be ground for a new trial.

A member of a municipal council is not a State officer and the acceptance of the position of member of said council will not vacate the office of jury commissioner. The holding of the two offices is not incompatible and does not violate Art. 159 of the Constitution.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. *Mouton, J.*

*W. H. Rogers,* Attorney General, for the State, Appellee.

*Wm. Campbell, L. L. Tansey, C. Girard* and *Jos. A. Chargois* for Appellants.

The opinion of the court was delivered by

McENERY, J.   The defendant was indicted for murder, tried and convicted for manslaughter, and sentenced to the penitentiary to seven years' imprisonment, from which judgment he has appealed.

He filed motions to quash the indictment and the *venire* drawn for the second and third weeks.

The two motions are based on the same grounds and supported by the same evidence.

1. That the persons who acted as jury commissioners had no authority to act in that capacity, having never been appointed, and if appointed no record was made of the fact in the minutes of the court, as required by Sec. 3 of Act 44 of 1877.

The jury commissioners were duly appointed by the judge, out of term, and an order rendered for the appointments to be spread upon the minutes.

The clerk omitted to perform this part of his duty.   This omission can not destroy the fact of the appointments, and render null and void the act of the judge in making them.   Section 3 of said act is only directory.   5 An. 155.

The appointments of these commissioners by the judge, the "oath book," to show that the commissioners had qualified, and the *proces verbal* of the *venire* that they had acted as commissioners, were offered and received in evidence over defendant's objection, which was that the best and only evidence of the appointments was the minutes of the court.

As the recordation in the minutes of the court was only directory, and, as said above, its omission could not destroy or do away with the fact of the appointment, the commissioners appointment and oath of office were the best evidence of their official capacities.

The *venire* was corroborative to show that they had accepted the appointment and had entered upon the discharge of their duties.

2. That one of the said jury commissioners, who participated in the drawing of the jury, was disqualified to act, as he had been elected, and had qualified since his appointment as jury commissioner, as a member of the town council for the town of Lafayette.

Article 159 of the Constitution provides that "no person shall

hold or exercise at the same time more than one office of trust or profit, except that of justice of the peace or notary public."

In the Constitution of 1845 there was an article of similar import, as follows: "That no person shall hold or exercise at the same time more than one civil office of emolument."

In interpreting this article in the case of Dorsey vs. Vaughn, 5 An. 155, the court held that the acceptance of the office of parish tax collector by the sheriff did not violate said article, as the office of parish tax collector was a municipal office, and that the incompati- bility contemplated by the Constitution was the holding of two State offices.

In the Constitution of 1852 there was a similar provision, and it was held by this court that a police juryman was not an officer within the intendment of Article 122.

Since then in recent years police juries have been made State offi- cials by legislative enactment. They are appointed by the Governor and our decrees have recognized them as such, and in 29 Annual, 24, and 42 Annual, page 947, we held that the acceptance of the office of police juror by one holding the office of jury commissioner, vacated the latter office.

If the office is created by the Legislature, or is established in the first instance by the Constitution, it is a State office, and the holding at the same time two offices so created would manifestly violate Article 159 of the present Constitution.

Conceding that the member of a municipal council (upon which point we express no opinion) is an officer, it is not a State office, and the Article No. 159 can have no application, as it has reference only to holding at the same time two State offices.

3. That the jury commission failed to comply with the provisions of Act 44 of 1877 in not striking from the general venire list the names of those persons who had served at the last jury term, and the names of those who had served as jurors one year preceding the term of court. In not striking from the list the names of those who had died, or who had removed from the parish, become exempt or disqualified to serve as jurors since their names were placed on the list, and that the names of said persons were not taken from the general venire box and supplemented by others, keeping the original number up to the standard of 300 names. That the general venire box in which the slips or ballots are required to be kept was not

locked and sealed. That the names of the jurors drawn, together with the residence, were not written by the clerk or in any way authorized by him.

This summary of omissions contains the evidence of irregularities. There is no evidence to show that fraud has been practised or any wrong committed in the drawing or summoning of the jury that "would work a great and irreparable injury to the defendant." State vs. Green, 43 An. 402; State vs. Simmons, 43 An. 991; Sec. 10, Act 44 of 1877; State vs. Willie Taylor, 44 An.; State vs. McCarthy, 44 An.

After the motion to quash the *venire* for second and third weeks was filed, the motion to quash the indictment having been disposed of, the district attorney requested that the accused be arraigned. Counsel for accused objected, and the arraignment was ordered. The validity of the indictment was not attacked, and there could, therefore, be no objection to the arraignment.

Complaint is made to the rejection by the trial judge of testimony to show the character of the deceased.

It appears from the statement annexed to the bill made by the trial judge that deceased was making no demonstration whatever when he was attacked by the defendant, who had no grounds to believe that his life was in danger.

The defendant filed a motion for a new trial, charging misconduct on the part of the jury in two instances.

(1) That one of the jurors received letters and papers, and (2) for holding conversation with one C. H. Bradley. There is no evidence to establish any conversation had with the jury by Bradley. The conversation was with the deputy sheriff, in such a tone of voice that the jury could not hear it.

There was no reason then why the deputy sheriff should be made to disclose a conversation that had no reference to the trial, and which was not heard by any juror.

The statement of the facts in the first ground alleged will dispose of the objection.

Levy and the juror were partners.

The partnership had bought at auction a lot of shoes in New Orleans. The letter advising the purchaser to inspect the invoice for correction, and the invoice and letter, through a deputy sheriff, were handed to the juror. The trial judge being near the jury room,

ordered the papers immediately to be delivered to him, which he-turned over to Levy. The deputy sheriff had read the papers before-delivering them to the juror, who had them but a short time. Levy-had no conversation with the juror.

Judgment affirmed.