### No. 11,643.

#### STATE OF LOUISIANA VS. SAM MADISON.

The trial judge had authority to excuse a juror, before he had been sworn, on account of the condition of his health.

The court acts upon the statement of the judge, whose signature imparts force to the bill.

Proof that the defendant had been admitted to bail was irrelevant and properly excluded.

The question was not necessarily leading, and therefore not ground sufficient to annul the verdict.

The testimony sought to be elicited by the question was in rebuttal, and therefore permissible.

Although the witness did not remember all that was said by defendant in his confession, his testimony was admissible.

When no objection was interposed to the admissibility of the evidence, proof of the fact that no improper influence was brought to bear on the accused is not an essential prior to the proof of the confession.

APPEAL from Fifth District Court, Parish of Ouachita.
    *Potts, J.*

*M. J. Cunningham*, Attorney General, and *J. P. Madison*, District Attorney, for Plaintiff and Appellee.

---

*E. T. Lamkin* for Defendant and Appellant.

---

The opinion of the court was delivered by

BREAUX, J.   The accused was indicted for murder and convicted of manslaughter.   He appeals from the verdict of the jury and sentence of the court.

The first bill of exceptions assigns as error that a tales juror, without sufficient cause, was excused from serving on the jury.

The records disclose that he had been sworn on his *voir dire* and examined by the prosecuting officer, and then turned over to the accused to be examined, who replied that he had no question to propound.

At that state of the proceedings the tales juror stated that he was just recovering from severe illness and could not serve if it necessitated his being locked up during the night.   It was at the time 3 o'clock.   The juror had not been accepted.   The jury had not been empaneled.   There were seven or eight witnesses in the case.   The judge concluded that the case could not be tried and verdict returned to enable the juror to escape from the confinement he apprehended on account of his health.

The trial judge must have some discretion in determining the qualification of jurors.

His ruling in excusing a juror on account of the condition of his health, before he has been accepted and sworn, is not ground to annul the verdict, unless it is shown that there was error committed to the prejudice of the rights of the accused.

The statement of the trial judge in the second bill of exception refutes completely the position assumed by the defendant.   The incident of the trial complained of was not at all relevant or material to the issue of the case.   Moreover, the judge denies that he made the remark to the jury attributed to him.

" The Supreme Court in considering a bill of exception accepts and acts upon the statement of the judge, whose signature alone imparts force to the bill.  Defendant must either stand upon the bill as signed by the judge or he has no bill at all."   State vs. Moore, 38 An. 66.

In the third bill of exception the defendant assigns as error that he was not permitted to prove that a preliminary examination had been held and the testimony of witnesses reduced to writing, and that an order had been made by the committing judge admitting the accused to bail.

The trial judge's statement, made part of the bill, is:

"I allowed the counsel for the defendant to prove that the papers in the preliminary examination were lost, and offered to allow him to introduce secondary evidence of their contents. Counsel stated that the only part that he desired to prove was that the judge who had conducted the preliminary examination had admitted the accused to bond. This evidence I rejected as irrelevant to the issue in the case." The ruling was correct.

The fourth bill of exceptions assigns as error the ruling of the court in permitting a question which was, it is urged, leading in form. Further, that the plaintiff had closed its case, and that the defendant also had closed when the State sought, ostensibly in rebuttal, to prove by a witness, who had been previously sworn on behalf of the State, a confession.

The objection was that it was not in rebuttal, and that the witness could not relate the substance of the confession.

The question propounded in point of form is in a sense leading, but it is not so objectionable as to necessitate the setting aside of the verdict.

Mr. Wharton, in his work on Criminal Evidence, 9th Ed., p. 454, announces that ordinarily the allowance of a leading question is at the discretion of the court.

"At the same time when it appears that by undue liberty in this respect justice has suffered and a conviction unjustly obtained, a new trial will be granted."

Nothing in the trial "suggests that justice has suffered and a conviction unjustly obtained."

The defendant's further objection was that the testimony sought by the question was not in rebuttal.

The narrative of the bill leads only to one inference—that is, that the plea of self-defence was interposed and that the prosecuting officer was attempting to negative the fact that the deceased was armed with a knife; in rebuttal of defendant's testimony (that he was armed).

The objection of the defendant that the witness who testified about a confession did not remember so as to state the substance of what he said is not sustained by the answer of the witness as stated in the bill of exception upon which the accused relies.

He testified to the substance of what the accused said, and added if anything else was said he did not remember it.

"A confession by a person charged with a crime is not necessarily inadmissible because the person to show it was made testifies that he does not remember all the confession, but only some of the particular points thereof." State vs. Thomas, 28 An. 827.

Counsel for the defendant urges in argument that no confession should be admitted in evidence unless it is shown to have been made voluntarily.

It does not appear that the accused raised any objection to the admissibility of the evidence and that he asked to have it excluded from the consideration of the jury.

This question was considered in the case of the State of Louisiana vs. Davis, 34 An. 352, and the ruling, we think, disposes of the point argued in the pending case.

We conclude that the rulings of the District Court were correct. Judgment affirmed.