No. 12,587.

STATE OF LOUISIANA VS. FRANK M. ROBERTSON.

The duty of retreat of one assaulted with intent to take his life or do him bodily harm is not unqualified. There is no obligation of such retreat when, from the suddenness or violence of the attack, retreat would endanger the life of the person assaulted. 1 Arbhbold Criminal Law, p. 791; State vs. Chandler, 5 An. 490; State vs. Spears, 46 An. 1524.

APPEAL from the Fourth Judicial District Court for the Parish of Jackson. *Machen, J.*

State vs. Robertson.

M. ⁀ *Cunningham*, Attorney General, and *A. B. Hundley*, District Attorney (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellee.

---

*Fred. W. Price* for Defendant, Appellant.

---

Submitted on briefs December 31, 1897.
Opinion handed down January 10, 1898.

---

The opinion of the court was delivered by

MILLER, J.   The defendant appeals from the sentence for manslaughter.

Our decision is controlled irrespective of the other question raised by the exception reserved on behalf of the defendant to the charge of the court. The instruction requested by the counsel for the accused was in substance that one suddenly attacked is not compelled to retreat when imminent danger would follow and is apparent. This was refused, and in signing the bill the court states it did charge that the party assaulted is compelled to retreat until some imminent and immediate danger of life, or some great bodily harm arises, and besides the general law as to self-defence had been given. As the court charges as to the duty of retreat of the person assaulted with the intent to take his life or inflict great bodily harm we must assume the phase of testimony was before the jury to call for a charge of that character. While the charge requested might be deemed deficient in some respects we think the accused was substantially entitled to the instruction asked. The court in its refusal to give that instruction informs us the law on the subject had already been given and incorporates in the bill that portion of his charge he deemed sufficient. The obligation to retreat of one who is assaulted with intent to kill or inflict great bodily injury is not unqualified. In the leading cases of Selfridge, Harrigan and others, three cases of self-defence followed by our courts and recognized as correct in the text-books, the law is stated in substance thus: When from the nature of the attack there is reasonable ground to believe there is a design to destroy the life of the accused or commit any known felony on his person, the killing of the assailant will be justifiable homicide, and again: " A man may repel force by force in defence of his person,

habitation· or property against one. who manifestly by violence or ·surprise.to commit a felony, such as murder, robbery," etc. In these cases he is not obliged to retreat, but may pursue his adversary until he has secured himself from all danger, and if he kills him in so doing it is justifiable homicide. ·1 Archbold's Criminal Law, p. 791 et seq., ·notes at foot; State vs. Chandler, 5 An. 490; State vs. Spears, 46 An. 1524. The charge given makes the retreat compulsory without that qualification we deem settled that as stated in the Selfridge case, when the attack on the accused is so sudden, fierce and violent that a retreat would not diminish but increase his danger, the accused may instantly kill his adversary without retreating at all. We think the verdict should be set aside and a new trial granted.

It is therefore ordered, adjudged and decreed that the sentence of the lower court be set aside and reversed, the case is remanded for a new trial and he accused be held in custody to abide that trial.