(35 South. 521.)

No. 14,976.

STATE v. WILLIAMS.

(Dec. 14, 1903.)

SHOOTING WITH INTENT TO KILL—EVIDENCE—PUBLIC RESORT—RIGHT TO EJECT—WITNESS—EXAMINATION — THREATS — CHARACTER — INSTRUCTIONS.

1. Even if error had been committed on the line it is averred it was committed, it did not bear upon the finding of the jury, and would not have been material.

2. The witness testified to a fact, and his testimony was not a deduction and opinion from a fact.

3. It having been testified, as stated by the trial judge, that the house in which it was charged that the defendant committed the crime for which he was tried was a gambling house, testimony was admissible to show since when it was a gambling house.

4. The right of ejectment from a saloon or public resort may be, in certain circumstances, different from that which may be exercised to eject an offending person from a domicile.

5. A descriptive statement relative to how the man wounded must have fallen is not an expression of an opinion not admissible. In addition, it was not prejudicial and cause for reversal.

6. A leading question which evokes a negative answer, not material, is no ground for reversal.

7. The facts, under repeated decisions, must be taken as certified to by the trial judge, unless their correctness is challenged and their inaccuracy is shown.

8. A witness should not be cross-examined on an assumption of the facts touching which nothing had been heard, and which, in addition, as sought to be proven, might confuse, rather than enlighten, the jury.

9. The trial judge had discretion to determine whether foundation had been laid to admit testimony of threat or character. He decided that it had not been laid, and in consequence the testimony offered was not admitted. Defendant is not entitled to the full benefit of this defense, as relates to the facts, for at least part of the testimony in this line was admitted, and went to the jury.

10. Whether the dwelling of defendant was his home, or the extent that it may have been a gambling place, was properly left by the trial judge to the jury to decide.

11. The charge instructed the jury regarding the right of a person in a gambling place, and the right of a person at his home. It presents no ground for reversal.

12. The motion for new trial presents no ground for reversing the verdict and sentence.

(Syllabus by the Court.)

Appeal from Criminal District Court, Parish of Orleans; Frank D. Chrétien, Judge.

Harry Williams was convicted of shooting with intent to kill, and appeals. Affirmed.

Edward S. Whitaker, for appellant. Walter Guion, Atty. Gen., Chandler C. Luzenberg, Dist. Atty., and Samuel A. Montgomery, Asst. Dist. Atty. (Robert Hardin Marr, of counsel), for the State.

BREAUX, J. The defendant stood charged with shooting one Walter Williams, with the intent of killing and murdering him.

He was tried and found guilty of the lesser offense of shooting with intent to kill. From the verdict of the jury and the sentence of the court, fixing the penalty at two years in the penitentiary, he prosecutes this appeal.

His points of defense on appeal are before us on a number of bills of exceptions and on motion for a new trial.

1. Defendant complains of the ruling of the trial judge which permitted a witness for the state to testify that he walked "into a gambling house." This place was where the accused lived, and where the shooting charged took place.

The objection of accused, through his counsel, is that the testimony noted was an opinion and a conclusion which prejudiced the accused in his defense, and that in consequence it should not have been admitted.

We think a witness may testify as to the facts themselves, particularly when they are a mere incident. The, testimony was not a conclusion or deduction from facts. He stated as a fact that he entered "into a gambling house." This had no direct bearing upon the guilt or innocence of defendant, nor was it a deduction from the facts shown.

An ordinary nonexpert witness (if he was a nonexpert) can be allowed to testify, as before stated.

The second ground of objection is very similar to the one upon which we have just expressed our opinion. It relates to the house of defendant, and to the question of the prosecuting attorney, "How long was this place running there?" referring to a room in the house, to which the defense objected on grounds not sufficiently legal to present any merit whatever. If it had any merit at all, it would be cured by the answer of the witness, who made the object of the prosecuting attorney quite plain.

The trial judge stated in regard to this objection, made part of the bill of exceptions, that, "it having been testified to that the locus in quo was a gambling house, it was competent for the state to show how long it had been such place of public resort, and hence to ask the witness, 'How long was this place running there?' the reference being not to a room, eo nomine, at the residence of the accused, but to the running of a gambling house, which defendant contended was also his residence. In making his objection, counsel for defendant based same on the ground that 'I don't know what he means by this place being running,' in his bill, on the ground that the ruling of the court was prejudicial to the accused, both of

which objections were equally insufficient and untenable."

A view with which we concur.

2. We take up the next bill of exceptions for consideration.

The statement of the trial judge of the facts leaves nothing for our consideration.

This statement shows, and, under the jurisprudence of this court, it must be held correct, that "no objection was made; counsel merely saying, 'I desire to make his testimony part of my bill.'" We have none the less considered the ground of this objection. We do not think it is sufficient to afford any remedy on appeal.

We do not specifically state these grounds at length, because they enter into other bills of exceptions taken by defendant, and which we have decided adversely to his contention.

We are informed by the statement of the trial judge regarding the bills relating to the gambling house in question that the purpose of the prosecuting attorney was to prove that this room was one in which gambling was carried on, and that in consequence the wounded man was not to be considered as an intruder or trespasser at a home of another.

The right of ejectment from a saloon or public resort is different from that which may be exercised at home.

It follows, in this view, that it was proper for the court to allow testimony offered to prove that the place in question was one of public resort. We agree with that view. Many statutes regulate public resorts differently from private homes. Things might be said or done in a gambling house which should not for an instant be tolerated in the home; hence it is proper to admit the testimony offered.

The question comes up in another form in another bill of exception. We do not think it necessary to add to that which we have already said on this point and those incident to or connected with it.

3. This brings us to the next bill of exceptions in the record, in regard to which the judge states that it "was leveled at the answer of the witness, not at the question propounded, and that no request was made to instruct the jury to give it no weight."

The trial judge further states, in substance, that this answer, "It looked like the man

had fallen back in the door," was not a conclusion, as we understand was urged by the defense, but a fact descriptive of the position in which the witness found the wounded man; that it could not aggravate the charge against defendant.

The facts regarding this point are stated by defendant's counsel as follows:

"At the time that the state witness Julius Estelle was testifying, that defense objected to the said witness testifying that 'it looked like a man fell back in the door' (witness referring to the position in which the prosecuting witness fell after he was shot as being a conclusion on the part of the witness)."

The trial court said that it was not a conclusion, being merely descriptive, and was not prejudicial.

The court's statement shows that this testimony was connected with and bore upon other facts and incidents of the case.

This is not a fact bearing upon the averred guilt of the defendant. It did not present an issue in this particular case which should have been left to the jury to decide. Whether admitted or excluded, it would have had no pertinency to the questions to be decided. All opinions having a tendency to prove that the accused is guilty or innocent are to be excluded, but, we may add, not those not even remotely connected with the deed charged, except to the extent it was necessary to prove where the crime charged had been committed, and to the extent it was necessary to prove whether committed in a public place or private house.

This court, in a comparatively recent case on appeal, treated this question in a manner which we think sustains our views here, and to which we in consequence refer. State v. Southern, 48 La. Ann. 628, 19 South. 668.

Again, in another bill of exceptions, the character of defendant's house as a public resort is brought up in a manner not differing materially from the questions before decided, and for that reason we do not specially pass upon the issue a second time.

We will here state, however, the fact that the apartment in which was the gambling, and in which intoxicants were sold, was part of defendant's domicile, did not render testimony inadmissible to prove it.

Again, we agree with the trial judge and hold that there was no ground upon which to exclude the testimony offered to prove that gambling was carried on, as before mentioned.

4. An alleged leading question propounded by the prosecuting officer afforded no ground for another objection.

The question was: "Did you see him inside of that room?" The answer: "I could not say whether he went into the room, or not. Every one broke and ran." The answer is substantially negative, and the defense fails in the attempt to show that the question was prejudicial. No injury was done the accused. Leading questions and answers do not entitle an accused to a reversal if they are not shown to be prejudicial to his cause.

Nothing suggests injustice or a conviction illegally returned. The following decisions are in point: State v. Madison, 47 La. Ann. 32, 16 South. 566; State v. Mansfield, 52 La. Ann. 1435, 27 South. 887; State v. West, 43 La. Ann. 1009, 10 South. 364.

5. The bill of exceptions now before us for review presents to our consideration a condition entirely different. when related by the trial judge, from what it is when related by the counsel for defendant. Taking the facts from the trial judge, as we consider we are bound to do when the issue is not followed up by a request to have the facts taken down and a copy annexed to the bill, the ruling, we hold, is right, for the law is well settled that counsel is without authority on appeal to question a state of facts, asserted to have been testified to by the witness, which the court certifies is entirely different from that which the witness did testify.

It then follows that the following quotation disposes of the point adversely to defendant's contention. It must be borne in mind that the trial judge says that counsel attempted to cross-examine the witness to facts assumed by the defense, and not to facts shown:

"Witnesses should not be cross-examined on the assumption that they have testified to facts touching which they have given no testimony." State v. Labuzan, 37 La. Ann. 491; State v. Smith, 30 La. Ann. 457.

We will add further, in matter of this bill, that the difference between the trial judge and counsel regarding the facts was, as related by the former, that the latter desired to show by the testimony of the witness that, at the time of the firing of the shot, witness saw neither prosecuting witness nor accused, and that that was different from the testimony contended for by the defense.

The court ruled out the testimony, because, as we understand, the question of the defense suggested an assumption of fact regarding that which the witness had stated which was different from the statement of this witness.

6. The grounds of the next bill of exception reserved present very little for review and decision. It again relates to the status of the place where it is asserted the difficulty occurred. The room in the dwelling was anything but a dwelling house. It was, the witnesses testify, a gambling room in the house of the accused.

7. The next point urged by the defense arose out of the refusal of the trial judge to permit the defendant, on objection of the prosecuting attorney, to prove the character of the deceased.

The court a qua reviewed the testimony offered, commented upon it, and annexed part of it to its statement.

The question here is largely within the court's discretion. It states emphatically that there had been no testimony offered to prove any overt act on the part of the prosecuting witness; that the accused was the aggressor.

The question here has been reviewed in repeated decisions. Until the Legislature chooses to make a change in the law, the rule will, in all probability, remain as at present. See State v. Joe Forbes (No. 14,990 of the docket of this court) post, p. 473, 35 South. 710.

Another bill shows that the defense asked the defendant, as a witness in his own behalf, to "go on and tell the jury all about the shooting. Start back at the time Valsin came to your house, when you were absent, and insulted your wife. How long ago was that?"

The prosecuting officer objected on the ground that it was irrelevant, hearsay, and assumed the accused sought to prove that the party wounded had gone to defendant's house and insulted his wife.

The testimony was properly excluded by the trial judge, who had ample warrant in law to sustain him in this ruling.

We infer that the witness was called upon to recount something of a fancied or real insult to his wife, which is not admissible, on the ground of hearsay.

The asserted insult and the shooting were not contemporaneous; nor did one follow the other, as we take it, in any sort of succession.

There was no hurried anxiety to resent the insult. After cooling time, it is too late to recall an indignity, and nourish wrath, and shoot the averred offender.

8. Lastly, as relates to the bills of exceptions, the gambling house or room is before us a second time.

It comes up at this time on objection urged to the charge of the court.

The following is an extract from the charge:

"The state introduced evidence to prove that the locus in quo was a gambling house. The contention of defendant was that the place was the home of defendant.

"The court expressed no opinion as to either of these contentions, but instructed the jury as to the right of the ejectment from a place of public resort, as will appear from the charge annexed."

We will not copy the charge at length. We will only state, as relates to this point in the first paragraph, the charge directs the jury's attention to the right of one who is in his own home, and seeks to protect it from intrusion; and, in the second paragraph, allusion is made to the right of a person in a place of public resort, at which the defendant has his home as well; and, lastly, the jury was instructed that the running of a gambling house is reprobated by law; that it knows no rule for its regulation and protection, and that the proprietor of the place cannot eject one who is not welcome there, and that, in order to justify ejectment, it must appear that the person had committed an action objectionable to others present; that there is some appearance of a breach of the peace. Force needful to expulsion (nothing more) is sanctioned.

The charge is somewhat broad at first. It

is toned down toward the end. The jury was instructed regarding the right of all persons in the place.

The charge, taken as a whole, presents no ground for reversal.

### Motion for New Trial.

The defendant, in his motion for new trial, reiterated the different grounds set forth in the bills of exceptions.

The record does not disclose that we should disturb the finding of the jury and the sentence of the court.

We have examined all the grounds presented by the defense, and have not found one upon which to base a judgment of reversal. The only alternative remaining is to affirm the judgment.

The verdict and sentence are affirmed.