Statement of the Case.
MONROE, J.
Defendant was prosecuted' under an indictment for murder, and convicted of manslaughter; and, having appealed, he presents his case to this court by' means of bills of exception to the ruling of the trial judge (1) in refusing to grant a continuance, and (2) in excluding testimony to prove prior communicated threats, said to have been made by the deceased upon his: life.
Opinion.
1. It appears from the statement per curiam, in the first bill, that upon the first trial of the case (which resulted in a mistrial) a certain Will May was not summoned; that on a second trial he was summoned for tho defense, but did not appear; that defendant applied for a continuance on account of his absence, and that the application was denied ; that on the last trial he was summoned in New Orleans, out of the jurisdiction of the trial court, and that he was then in the employ of the Southern Pacific Company, and showed the sheriff a railroad pass, and stated that he expected to leave that day for Texas. The trial judge says:
“I did not consider, from the showing made, that there would ever be any certainty of getting the attendance of this witness, and it developed on the trial of the case that his testimony was not admissible, had he been present.”
The last statement was predicated upon the facts that defendant had alleged that the witness would testify to prior communicated threats made by deceased upon his (defendant’s) life, and that the court excluded such testimony upon the ground that no overt act on the part of the deceased, prior to the killing, was proved.
There is no reversible error in the rul *564 ing complained of. There is a broad discretion vested in the trial judge in the matter ■of granting a continuance, and it is no abuse of that discretion where, being satisfied from the evidence adduced that there is no reasonable certainty that a witness can be obtained for the purposes of a subsequent trial, he refuses a continuance asked for on account of his absence. Moreover, as will appear upon consideration of the other point presented on behalf of defendant, the testimony which the absent witness was expected to give would have been inadmissible, had he been present, from which it follows that defendant was not prejudiced by his absence. State v. Timberlake, 50 La. Ann. 311, 23 South. 276; State v. Cook, 52 La. Ann. 114, 26 South. 751; State v. Mansfield, 52 La. Ann. 1355, 27 South. 887.
2. Defendant attempted' to prove by a witness named Wood that on the day before the homicide the deceased made threats against his life, and by himself that Will May (or Wood), on the morning of the homicide, told him that deceased had told them that he was going to kill him (defendant) before 2 o’clock, which testimony was excluded, on the ground that there had been- no sufficient evidence of an overt act, committed by the deceased prior to the homicide, to open the door to such evidence. The bills of exception recite that defendant and one Miller had testified that the latter was about 50 feet distant from defendant and deceased, who were sitting under a tree; that they rose, and that deceased struck defendant, staggering him back, and immediately after-wards took him by the collar with his left hand and threw his right hand either in his side or hip pocket, at the same, time applying a foul epithet to defendant, and saying, “I’ll kill you;” and that thereupon defendant shot him. One of the bills also recites that one Orow testified he was about 100 yards away, saw. deceased and defendant, apparently wrestling, and that deceased knocked off defendant’s hat.
The statement per curiam is to the effect that the testimony of Miller was uncorroborated, save by that of defendant, and presented a state of facts different from that shown by the testimony given by a number of unbiased witnesses, and that no one, not even Miller or defendant, testified to the circumstance mentioned by Orow. Wherefore the trial judge says he did not attach much weight to the testimony relied on. He further says:
“The facts were: The two young men, defendant and deceased, were sitting under a small tree, about 60 or 70 feet from the depot at Eranklinton, at 11 a. m., talking. Deceased was in his shirt sleeves. Whether accused had on his coat or not, evidence is conflicting. They got into some dispute. Accused started to rise. Deceased immediately arose, almost at the same time. Deceased was trying to catch accused by the arm, or, as some of the witnesses state, got behind accused; that accused had a pistol in his hand; that the pistol went off; that two móre shots were fired; that marshal and other parties ran and laid deceased on the ground; that deceased was searched and had no weapon, not even a pocket knife, on him; that accused had the pistol in his hand, with three chambers empty. This was, in substance, the testimony of five or six good reliable witnesses. In the face of such facts, I did not consider sufficient foundation had been laid.”
The testimony referred to has not been brought up, and in its absence we must assume it to have been as stated by the judge, and, so assuming, we agree with him that no overt act was proved, and hence are of opinion that, under the jurisprudence of this court, the testimony as to prior threats by the deceased was properly excluded. State v. Williams, 111 La. 211, 35 South. 521; State v. Forbes, 111 La. 474, 35 South. 710; State v. Ford, 37 La. Ann. 443; State v. Bowser, 42 La. Ann. 936, 8 South. 474; State v. Taylor, 44 La. Ann. 783, 11 South. 132; State v. Stewart, 45 La. Ann. 1164, 14 South. 143; State v. Golden, 113 La. 791, 37 South. 757; State v. Feazell, 116 La. 264, 40 South. 698.
*566 The motion for new trial, and bill to the overruling of the same, present no other matter requiring consideration.
Judgment affirmed.