SOMMERVILLE, J.
Defendant appeals from a conviction of manslaughter and sentence to the penitentiary lor from four to six years, and $1 fine.
He relies upon 30 bills of exceptions found in the record; the first 4 relate to the qualifications of certain jurors whom he peremptorily challenged for cause after they had been accepted by the state, and adjudged competent by the court; the cause for challenge being that the jurors had formed and expressed opinions as to the guilt or innocence of the accused.
[1] These several jurors had answered, while being examined by the defendant on their voir dire, that they had heard and read of the case and the charge against the defendant, and that they had formed opinions as to the guilt or innocence of the accused,, but that these opinions would yield to evidence that might be adduced on the trial of the cause. In answer to questions by the judge, these jurors answered that the opinions which they had formed would be laid aside if taken as jurors in the case, and that they would render a verdict upon the evidence heard on the trial of the cause, and not upon the rumors heard and publications read by them. They further testified that they would, as jurors, do even justice in the case,, as their minds were in such condition that they could give a fair and impartial verdict after having heard the sworn testimony given in the cause.
Under the ruling of the court in State v. Carriere, 141 La. 136, 74 South. 792, and the authorities therein cited, these jurors, were competent to serve, and the rulings of the district judge with reference thereto are approved.
Several bills of exceptions were taken to. the ruling of the court, refusing to_ permit certain witnesses to be recalled that their testimony might be taken down for the purpose of being submitted to the Supreme Court on the questions of who was the aggressor, and whether or not an overt act had been committed by the deceased upon the accused. The judge in his per curiam says that an overt act on the part of the deceased had not been proved. In the case of State v. Boudreaux, 137 La. 227, 68 South. 422, it was held that the ruling of the judge on this point was subject to review.
Act 113, 1896, p. 162, provides:
“That on the trial of all criminal cases in this, state, appealable to the Supreme Court, when an objection be made and a bill of exception reserved, the court shall at the time and without delay order the clerk to take down the facts upon which the bill has been retained, which statement of facts shall be preserved among the records of the trial; and if the case be appealed, the clerk shall attach to the bill of exception a *285 certified copy thereof, which shall be taken by the appellate court as a correct statement upon which the exception is based.”
[2] In the case of State v. Blassengame, 132 La. 250, 61 South. 219, where the district court had refused permission aslsed by counsel for defendant to take down the depositions of the witnesses for both the state and defendant on the question “whether or not the deceased was attacking defendant at the time he fired the fatal shot,” and where the defendant offered to prove that the deceased had threatened the accused about a month or two before the killing, the trial court ruled that no overt act had been shown on the part of the deceased at the time of the killing, “and the court did not feel that the provisions of the act required that the evidence should all be gone over again, in order that it might be taken down to be annexed to a bill of exceptions, as requested, by defendant.” This court in that case held:
“It is, however, the evident purpose of the statute in question to make the appeals ‘in all criminal cases, * * * appealable to the Supreme Court,’ effective as to the rulings of the trial judges on the questions of law presented to them by a provision whereby this court may be enabled to review the conclusions of said trial courts .on the questions of fact upon which such rulings are based. It is equally evident that it could not have been the intention of the lawmakers to authorize the clerk to ‘find the facts’ (which means to determine and declare the facts that have been established by the evidence, a judicial function which could not be discharged by the clerk), since the statute merely requires the judge to order the clerk to ‘take down the facts upon which the bill has been retained,’ which facts, as we interpret the law, consist of the testimony offered, the objection thereto, and the ruling upon the objection. But it may, and is most likely to, happen that much of the testimo-. ny as to an overt act by the deceased is elicited from the state witnesses, who are called to the stand at the beginning of the trial and before any occasion or opportunity is presented to the defendant, charged with the killing, to offer any testimony or reserve a bill of exception to its exclusion; and as the law provides for the taking down of the facts only when such opportunity is presented and utilized, and as this court has settled it that the defendant cannot require it to be done before, it follows that unless he can have the witnesses who have given their testimony recalled and required to repeat it, so that the clerk can take it down, he is deprived of the right which it is the purpose of the law to secure him. The only argument that is (or, so far as we can see, can be) advanced against according to a defendant in such case the right to have the witnesses recalled is that of inconvenience. * * *
“If, as we think is the case, the law gives to a defendant on trial for the alleged unlawful killing of another the right to present to this court on appeal the evidence adduced on a question of fact underlying a vital adverse ruling upon a question of law, the important matter for this court to see to is that he is not deprived of that right, and it is immaterial how many witnesses it may be necessary to recall in order that he may enjoy it.”
Defendant, in this case, as in the Blassengame Case, requested that the witnesses be recalled and the testimony on these points be taken down, and the request was refused. For the reasons assigned in the Blassengame Case the request should have been granted, and there is reversible error in the ruling of the court.
It becomes unnecessary to consider the numerous other bills of exceptions, as the case will be remanded for a new trial.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided and reversed, and that this case be remanded to the district court to be there proceeded with in accordance with law.
O’NIELL, J., concurs in the decree rendered herein, but not in the opinion that the question who was the aggressor in the fatal difficulty should be decided, not by the jury, but by the judge.
LECHE, J., dissents.