(92 South. 888)

### No. 25255.

### STATE v. BURKE.

(May 22, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⬤══938(1)—**Motion for new trial for newly discovered evidence held properly overruled.**

    Where a motion for new trial for alleged newly discovered evidence was not sworn to, and there was no affidavit from the newly discovered witness or proof of any kind that he would testify as claimed, or showing that defendant was not aware of the testimony before trial, or exercised any diligence, and the newly discovered testimony would only be cumulative, the motion was properly overruled.

2. **Criminal law** ⬤══1156(1)—**Denial of new trial not disturbed unless manifest error shown.**

    Motions for new trial are addressed largely to the discretion of the presiding judge, and his denial of the motion will not be disturbed unless manifest error is shown.

Appeal from Third Judicial District Court, Parish of Claiborne; J. E. Reynolds, Judge.

Harry Burke was convicted of an offense, and he appeals. Affirmed.

Drew & Drew, of Minden, for appellant.

A. V. Coco, Atty. Gen., and W. D. Goff, Dist. Atty., of Arcadia (T. S. Walmsley, of New Orleans, of counsel), for the State.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

THOMPSON, J. Defendant was convicted and sentenced to pay a fine of $30 and costs and to serve 30 days in jail for violating Act No. 39 of 1921 (Ex. Sess.), known as the "Hood Bill." The charge is that he "did willfully and unlawfully have and possess intoxicating liquor for beverage purposes."

The first bill of exception is to the overruling by the trial court of a motion for a new trial. The motion alleges that the verdict of the court is contrary to the law and evidence, and, further:

"That a carpenter, Will Harris, who was working near the building in which the whisky is supposed to have been found, will testify, if defendant is granted a new trial, that the boy from whom the whisky was taken did not come out of the house of defendant with the whisky; that this is newly discovered evidence and should be heard by the court."

[1] The motion was signed by the attorneys of the accused, and is not sworn to. There was no affidavit from the newly discovered witness nor proof of any kind offered to show that the witness would testify to the facts stated. Moreover, the motion fails to show that the defendant was not aware of the purported testimony before his trial, or that he exercised any diligence whatever to ascertain the alleged facts. The trial judge states that the question as to where the boy with the whisky came from, was gone into on the trial of the case, and that the testimony of the witness Harris would be only cumulative.

[2] Motions for new trials are addressed largely to the discretion of the presiding judge, and his ruling in denying the motion will not be disturbed unless manifest error is shown. The motion in the instant case was properly overruled.

The second bill of exception is to the overruling of a motion in arrest of judgment. It is alleged that Act No. 39 of 1921 is unconstitutional, for the reason that said act attempts to adopt, by reference, a definition of intoxicating liquors as contained in federal legislation. This question was disposed of adversely to the contention of defendant in the case of F. C. Coco (our No. 25226) 92 South. 883,[1] in the opinion handed down on May 15, 1922. The charge against the defendant, as shown by the evidence, was that of having whisky in his possession for beverage purposes.

The conviction and sentence are affirmed.