(100 South. 613)

No. 26517.

### STATE v. POOLE.

(May 5, 1924. Rehearing Denied by the Whole Court June 6, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Homicide ⬡156(2)—Declaration of accused shortly after shooting held admissible on issue of malice.**

Statement of accused one hour after shooting that, if his pistol had not hung fire, deceased would not now be "taking on," was admissible on issue of malice.

2. **Criminal law ⬡1121(1)—Statement as to hostile demonstration by deceased in per curiam to bill of exceptions held conclusive.**

Where there is in record no evidence whatever on subject of overt act or of hostile demonstration, or as to who was aggressor, statement of trial judge in his per curiam to bill, as to facts concerning such questions, is conclusive.

3. **Homicide ⬡319—Court held not to have abused discretion in denying new trial for newly discovered evidence.**

Trial judge *held* not to have abused discretion in denying new trial for newly discovered evidence alleged to be that witness would swear that few minutes before difficulty he heard deceased and two of state's witnesses planning to whip defendant and that deceased asked witness for a knife to use against defendant, witness not having informed defendant of facts until motion for new trial, eight months after killing, evidence showing that defendant was aggressor.

4. **Criminal law ⬡1156(3) — Denial of new trial for newly discovered evidence not disturbed unless manifestly erroneous.**

Ruling in denying motion for new trial for newly discovered evidence will not be disturbed unless manifestly erroneous.

**5. Homicide ⊚⟿190(1)—Evidence of threats by deceased, few minutes before killing, held inadmissible.**

Where evidence showed that accused was aggressor, evidence of threat made to third party against accused by deceased, few minutes before killing, no attempt being made to carry it out, *held* inadmissible.

**6. Criminal law ⊚⟿945(1)—New trial properly denied where alleged newly discovered evidence weak and unsatisfactory.**

There was no error in denying a new trial for newly discovered evidence where proffered evidence was too weak and unsatisfactory to have likely changed result of jury's finding.

**7. Homicide ⊚⟿300(11)—Instruction concerning duty to retreat when attacked at home or place of residence held properly refused.**

Court properly refused to give special charge that person attacked at his home or place of residence is not forced to retreat, where homicide took place at a camp where both deceased and accused were employed and at some distance from tents where both slept, and it appeared that accused was aggressor.

**8. Criminal law ⊚⟿829(1)—Requested special charge covered by given charge properly refused.**

A special requested charge was properly refused where covered fully by general charge.

**9. Criminal law ⊚⟿1091(10)—Improper argument of counsel not considered in absence of showing of request for ruling by court.**

Appellate court will not consider complaint as to argument of counsel, where bill of exceptions does not show that trial judge was asked for ruling and exception taken to such ruling.

**10. Criminal law ⊚⟿1144(10)—Ordinarily presumed that prejudicial effect of improper argument removed by instruction of court.**

Except in extreme cases, presumption is that prejudicial effect on jury of improper remarks made by counsel was removed by instructions of court to jury to disregard them.

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; W. W. Bailey, Judge.

George Poole was convicted of manslaughter, and appeals. Affirmed.

Elmer L. Stewart, of De Ridder, for appellant.

A. V. Coco, Atty. Gen., Griffin T. Hawkins, Dist. Atty., of Lake Charles, John J. Robira, Asst. Dist. Atty., of Jennings, T. S. Walmsley, of New Orleans, and A. J. Bordelon, of Marksville, for the State.

BY DIVISION C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

ST. PAUL, J. The defendant was indicted for murder, and convicted of manslaughter. His appeal presents 11 Bills of Exception; as follows:

### Bill of Exception No. 1.

[1] Willie Cole was permitted to testify that about an hour after the shooting the accused told him (the witness) that if his (the accused's) pistol had not hung fire the deceased would not now (then) be "taking on." This was objected to as not being the whole conversation on that subject. But *the witness says it was.* It was also objected to as not being part of the res gestæ, and as irrelevant. But the trial judge says the evidence showed that when the deceased was shot he staggered backwards a step or two and fell to the ground mortally wounded; that the defendant did not contend in his testimony that it was at all necessary for him to continue shooting in order to protect himself from any harm whatever; and, accordingly, his own admission that he would have continued the shooting under the circumstances was certainly admissible in evidence.

There was no error in this ruling. "Declarations by defendant after the fatal affray showing his hostility to the deceased are admissible in evidence on the issue of malice. * * * Acts or conduct showing such continued hostility are also admissible." 30 Corp. Juris, 159, 160.

### Bills of Exception Nos. 2 to 8.

These seven bills were reserved to rulings by the trial judge excluding evidence of al-

leged threats made by the deceased against the accused and communicated to the latter. This evidence was excluded by the trial judge "because it was not shown that any overt act or hostile demonstration had been committed by the deceased, and because the evidence showed beyond a doubt that the accused was the aggressor."

[2] The trial judge says in his *per curiam* to bill No. 9 (referred to in these bills) that the accused alone testified that the deceased advanced upon him with a knife and a stick; that the eyewitnesses to the shooting testified that the deceased had a small cypress stick in one hand; that he had no knife in either hand, and *had both hands down;* that he at no time raised his hand or the stick on the accused, either before or after the shooting.

In State v. Sandiford, 149 La. 934, 90 South. 267, this court said:

"Defendant has failed to lay the proper foundation for the admission of prior threats, by failing to show by a preponderance of evidence that the deceased made a *hostile demonstration against him of such a nature as to justify him in believing that his life was in danger or that he was in danger of great bodily harm,* and therefore proof of prior threats, for all purposes for which they are admissible, was properly rejected. State v. Williams, 111 La. 212, 35 South. 521; State v. Thomas, 111 La. 806, 35 South. 914. *Mere evidence of such threats* [hostile demonstration], *as distinguished from proof thereof, is insufficient.* When the question arises as to whether a sufficient foundation has been laid for the admission of such evidence, *the question is one for the court to determine.* State v. Boudreaux, 137 La. 227, 68 South. 422; State v Golden, 113 La. 791, 37 South 757; State v. Craft, 118 La. 113, 42 South. 718; State v. Benoit, 144 La. 276, 80 South. 329."

In State v. Benoit, 144 La. 276, 80 South. 329, the court said:

"The uniform jurisprudence in this state is to the effect that evidence of previous threats or of the dangerous character of the deceased, on the trial of a prosecution for murder, is not admissible until an overt act or a hostile demonstration has been proven *to the satisfaction of the trial judge.* See State v. Boudreaux,

137 La. 227, 68 South. 422, and authorities therein cited [also State v. Varnado, 131 La. 951, 60 South. 627]. But it is now also recognized that such conclusion of fact by the trial judge, when he decides that no overt act has been proven, is not final and is subject to review on appeal. See State v Clark, 142 La. 283, 76 South. 714."

As there is in this record no evidence whatever on the subject of overt act or want of overt act, of hostile demonstration or want of hostile demonstration, or as to who was the aggressor, the statement of the trial judge must therefore be taken as conclusive.

In State v. Simmons, 121 La. 561, 46 South. 651, this court said:

"Where the whole evidence is not brought up, the finding of *the trial judge* that there was not sufficient proof of an overt act on the part of the deceased to authorize the admission of evidence of prior threats is conclusive"—citing State v. Williams, 111 La. 211, 35 South. 521; State v. Forbes, 111 La. 474, 35 South. 710; State v. Ford, 37 La. Ann. 443; State v. Bowser, 42 La. Ann. 936, 8 South. 474; State v. Taylor, 44 La. Ann. 783, 11 South. 132; State v. Stewart, 45 La. Ann. 1164, 14 South. 143; State v. Golden, 113 La. 791, 37 South. 757; State v. Feazell, 116 La. 264, 40 South. 698.

### Bill of Exception No. 9.

[3-5] This bill was reserved to the refusal of the trial judge to grant a new trial on the ground of alleged newly discovered evidence. In State v. Burke, 152 La. 255, 92 South. 886, this court said:

"Motions for new trials [on the ground of newly discovered evidence] are addressed largely to the discretion of the presiding judge, and his ruling in denying the motion will not be disturbed" unless manifestly erroneous.

The alleged newly discovered evidence was that of one Riley Ward who would swear that just a few minutes before the difficulty he heard the deceased and two of the state's witnesses planning to *whip* the defendant; that the deceased asked the witness for a knife to use against defendant, and, when witness refused, deceased then left the camp and "went towards the store"; that witness also left the camp and had not

gone out of earshot when the fatal shot was fired; that (although witness resides in the parish of Beauregard, where the killing took place) he had not informed defendant of these facts until the day on which the new trial was applied for (being 8 months and 3 weeks after the killing).

We do not think the trial judge *manifestly* erred, or erred at all, *in refusing to reopen* the case for the purpose of hearing this testimony. The evidence (according to the trial judge) showed that the accused was the aggressor; that the deceased did *not* have a knife in his hands; that no attempt was made by the deceased to put into execution the alleged plan to whip the accused. And hence this testimony was *inadmissible* to show threats, and otherwise wholly irrelevant.

[6] Moreover the proffered evidence is *"too weak and unsatisfactory to have likely changed the result of the jury's finding,"* and hence the trial judge would have been justified in refusing a new trial on that ground alone. State v. Lejeune, 52 La. Ann. 463, 26 South. 992. See, also, 16 Corp. Juris, 1205–1208.

### Bill of Exception No. 10.

[7, 8] This bill was reserved to the refusal of the trial judge to give a special charge that "a person attacked at his home or place of residence is not forced to retreat or retire therefrom."

The trial judge says that the homicide did not take place at the home or place of residence of the accused, but at a camp where both the deceased and the accused were employed and at some distance from a number of tents where a number of laborers slept, including the accused and the deceased; that the accused was not attacked, but was himself the aggressor; and finally that his general charge "states very fully when, and under what circumstances, one is obliged to retreat and when not."

The general charge on that head is taken substantially and almost verbatim, from State v. Robertson, 50 La. Ann. 92, 23 South. 9, 69 Am. St. Rep. 393, and the trial judge also added:

"A man unlawfully assaulted *in a place where he has a right to be,* whilst doing what he had a right to do, and put in danger, real or apparent, of losing his life or receiving great bodily harm, is not required to endeavor to escape from his assailant; but *may stand his ground,* and repel force by force, even to taking the life of his assailant, if necessary, or in good reason apparently necessary, for the preservation of his life or to protect himself from great bodily harm." (Italics ours.)

As the charge given is even *broader* than the charge requested we fail to see wherein this defendant has cause whatever for complaint.

### Bill of Exception No. 11.

[9] In this bill defendant complains of an *alleged ruling by the court* upon an objection to some statement made by the district attorney in argument, as being outside the record, and annexes the note of evidence taken at the time.

The trial judge says:

"Counsel for defendant did not object, or except, to a ruling of the court. He did not even request the court to instruct the jury to ignore the alleged statements of the district attorney as not supported by the evidence, or otherwise."

Which statement is in accord with the note of evidence annexed.

As the functions of an appellate court are to review the *rulings of the judge,* and not to pass in the first instance upon matters arising during the progress of a trial, it follows that a bill of exception which does not show that the trial judge was asked for a ruling, and an exception taken to such ruling when made, *presents nothing for the consideration of the appellate court.*

"An exception is an objection formally taken to *a decision of the court* on a matter of law. * * * The office of an exception is to challenge the correctness of *the rulings*

*or decisions of the court* promptly when made, to the end that such rulings or decisions may be corrected by the court itself, if deemed erroneous, and to lay the foundation for review, if necessary, by the appropriate, appellate tribunal; or, as it has been otherwise stated, to point out wherein the excepting party claims to have been prejudiced by *the ruling of the trial court*." (Italics ours.) 3 Corpus Juris, 894, 895. See, also, State ex rel. Gaines v. Judge Second District Court, 12 La. Ann. 113.

Incidentally, however, the trial judge says that—

"The court, on its own motion, and without being·requested by counsel for defendant to do so,' when objection was made to the alleged statement of the district attorney, stated to the jury that * * * they [the jury] were the judges of what had been proved and must decide the case, and arrive at a verdict upon the evidence before them, and not on the statements of counsel."

To which ruling no exception whatever was taken, as shown by the note of evidence, presumably because defendant realized that an exception to this ruling would have been purely frivolous.

[10] In State v. Horton, 151 La. 683, 92 South. 298, this court said:

"Except in extreme cases, the presumption is that the prejudicial effect on the jury of improper remarks made by counsel for the state was removed by the instructions of the court to the jury to disregard the same."

Which ruling was taken *verbatim* from State v. Heidelberg, 120 La. 300, 45 South. 256; and had been followed in numerous cases, all cited in 151 La. 688, 92 South. 298.

### Decree.

The judgment appealed from is therefore affirmed.

Rehearing refused by the WHOLE COURT.

O'NIELL, C. J., dissents from the ruling on the motion for new trial.