200 So. 464

**STATE v. FLOURNOY.**

No. 36039.

Feb. 3, 1941.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and Robert F. Kennon, Dist. Atty., and G. J. Kitchens, Dist. Atty., Pro Tem., both of Minden, for the State.

W. T. Drew and A. B. Parker, both of Minden, for defendant and appellant.

HIGGINS, Justice.

The defendant, a colored woman, was indicted for the murder of Melvin Jackson, colored, on July 28, 1940, and tried and convicted of murder, without capital punishment, by the jury. The judge sentenced her to the State Penitentiary at hard labor during the remainder of her life. She has appealed and relies on two bills of exception for the annullment of the verdict of the jury and the sentence of the court.

After the State had introduced its evidence in chief and the defendant was presenting testimony in her defense, she started to testify that there had been a continuous fight with the deceased in which he was the aggressor up until the time that she fatally stabbed him. The district attorney objected to any testimony of prior difficulty at the natatorium or road intersection a half mile away from the scene of the killing on the ground that no hostile overt act had been shown on the part of the deceased at the time he was stabbed.

at Batton's store. Defendant's counsel stated to the court that the purpose of the evidence was to show self-defense or who was the aggressor in the fatal fight and that the testimony was pertinent to show, if any crime was committed, that it was manslaughter and not murder. The jury was withdrawn and the accused was permitted to testify in detail how the deceased had, without provocation, in a jealous rage, administered a terrific beating to her near the natatorium and continued to strike, curse and threaten her as they walked along the road and attempted to stab her with an ice pick at the time she stabbed him with a knife. The court ruled as follows: "No sufficient overt act has been shown to admit any evidence of prior difficulty or of threat. You can't show evidence of a difficulty that happened off at the natatorium. What happened down there at the store, you can offer evidence of that, and you have already offered evidence of it." Thereupon, defendant's counsel stated: "Your ruling then is, that there was no overt act. Don't you think we are entitled to have evidence on the question of an overt act attached to this exception to see whether an overt act was made or not?" The district attorney objected, as follows: "It will be impossible to get all of the testimony regarding an overt act because we have had a morning's testimony of witnesses who are not available." The objection was sustained by the court. The defendant's attorney then reserved a bill of exception. Defendant offered the testimony of another witness for the purpose of showing that there had been a continuous fight from the natatorium to Batton's store lasting over a period of about one hour, and upon objection by the district attorney on the same ground, the court sustained the objection for the previous reasons given, and a bill of exception was reserved thereto. In other words, in connection with this bill of exception, counsel for the accused is complaining that while the district judge permitted the accused's testimony to be recorded, he refused to have the testimony of the other witnesses taken down so that his ruling on the admissibility of the evidence could be reviewed on appeal by this court.

In the case of State v. Gendusa, 193 La. 59, 190 So. 332, 336, we quoted with approval from State v. Brown, 172 La. 121, 133 So. 383, 385, as follows: "* * * it is also well settled that, if a trial judge, after hearing the testimony offered in support of the accused's contention that deceased was guilty of hostile demonstrations or an overt act, decides that no overt act was committed, his ruling on that question is subject to review by this court on appeal."

In the case of State v. Clark, 142 La. 282, 76 So. 714, it was held that where the defendant offers to prove threats by the deceased, and the testimony so offered is excluded, on the ground that no overt act on the part of the deceased has been proved, defendant has the right to except to such ruling and to demand that such witnesses be recalled and required to again give their testimony in so far as it bears on that question.

The record shows that the two state witnesses who had testified in the morning were·under the rule of the court and had not been excused, but even if they had been excused, when the defense began to put on its testimony and the issue as to the admissibility of the evidence with reference to the prior difficulty or continuous fight arose, the defendant was entitled to have the testimony taken down in order that the ruling of the trial court might be reviewed by this Court on appeal. It was reversible error for the district judge to refuse counsel's request in this respect.

Bill of exception No. 2 presents the question of whether or not the accused's testimony standing uncontradicted that the fight was a continuous one was sufficient proof to compel the trial judge to permit the testimony, as to what happened at the natatorium and along the road before the parties reached Batton's store, to go before the jury. It is sufficient to say that from the per curiam of the judge, it appears that he also considered the testimony of the two state eyewitnesses to the killing at Batton's store in determining that there had been insufficient evidence as to any hostile demonstration or overt act by the accused immediately preceding the killing. This testimony was not taken down and, as has already been shown, the judge having refused to permit other testimony on this issue to be reduced to writing, we do not have before us any testimony except that of the accused. We shall, therefore, refrain from passing upon this bill, even though it presents a serious question of law, as the record is incomplete due to the ruling of the trial judge.

For the reasons assigned, the verdict of the jury and the sentence of the court are annulled and the case is remanded to the district court for a new trial.

O'NIELL, C. J., and LAND, J., take no part.