No. 7534.

STATE OF LOUISIANA VS. THOMAS ARATA.

Whether or not the panel from which were drawn the jurors who tried the defendant was selected by a quorum of the jury commissioners, is a question of fact of which this court has not jurisdiction.

It is sufficient if the panel of jurors was drawn by *two* of the three who compose the board of jury commissioners.

A member of the Board of Health who accepts the office of jury commissioner, and qualifies as such, thereby ceases to be a member of the Board of Health, and may thereafter perform the duties of a jury commissioner.

A PPEAL from the Superior Criminal Court, parish of Orleans. *Whitaker*, J.

*H. N. Ogden*, Attorney-General, for the State.

*H. C. Castellanos* and *Arthur Gastinel* for defendant and appellant.

No brief filed on the part of the State.

Henry C. Castellanos and Arthur Gastinel, for the defendant, contended :

First—That the question of whether the panel was drawn by a quorum of jury commissioners is a pure and exclusive question of law which this court has a right to pass on. 14 A. 461 ; 13 A. 45 ; 12 A. 679 ; 10 A. 271 ; 4 A. 505 ; 20 A. 442 ; 29 A. 824.

Second—The second point, embodied in our challenge to the array, was that one of the jury commissioners, which is an office of profit and trust, was discharging at the time, under appointment of the Governor, another office of trust and of profit, to wit: that of member of the Board of Health, in violation of the 117th article of our State Constitution.

The opinion of the court was delivered by

DEBLANC, J. Thomas Arata was indicted and tried for manslaughter, found guilty and sentenced to imprisonment at hard labor for the term of five years, and to pay a fine of five dollars and the costs of the prosecution.

He appealed ; his case was submitted without argument, and his counsel allowed—to file a brief in his behalf—the delay which he asked. That delay has elapsed, and the promised brief has not been filed.

We have carefully examined the record, and ascertained that Arata's defence is based on two grounds, the first of which is " that the panel from which was drawn the jurors called to pass upon his trial, was not selected by a quorum of the commissioners "—this is a question of fact—

and the other " that one of the three commissioners was a member of the Board of Health, and could not—at the same time—hold two offices of profit and trust."

Admitting that the regularity of an officer's appointment can be collaterally inquired into—upon which, in this instance, it is useless to express any opinion—the second ground, to which alone our jurisdiction extends, cannot—for a self-evident reason—avail defendant. That reason is that two of the three members who compose the board of jury commissioners, did select the panel, and the statute expressly provides that " the acts of two of them shall be as valid and binding as if performed by all."

Act No. 24 of 1878, sect. 2, p. 281.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from is affirmed.

## ON APPLICATION FOR REHEARING.

DEBLANC, J. In the brief which accompanies his application for a rehearing of this cause, defendant's counsel have elaborately discussed the two questions raised by them in their challenge to the array of the petit jury, the first of which is " that the panel from which was drawn the juror called to pass upon his trial, *was not selected by a quorum of the commissioners.*"

That is—the counsel contend—" a pure and exclusive question of law," and—on this point—we are referred to several decisions, in which this court held—in substance and correctly—that, as a necessity, it must consider the facts from which arises a question of law. It can do so, however, not for the purpose of reviewing, amending or reversing the ruling of the judge *a quo,* as to the existence or non-existence of those facts, but to determine whether—when in that judge's opinion, those facts have been either established or disproved, he has properly construed the law applicable to this case. 22 A. 9 ; 23 A. 149 ; 25 A. 418 ; 26 A. 383.

In this instance, and as to the charge " that the panel was not selected by a quorum of the commissioners," what had the judge to ascertain ? A naked fact, and it was whether the panel had been selected by less than two of the three commissioners. If this can, in any way, be considered as a pure and exclusive question of law, it undoubtedly remains to be discovered what can be a question of fact.

If—though the panel had been selected but by one of the commissioners, or—as in " State vs. Newhouse "—from a list furnished by one who had no authority to prepare it—the judge had held that such a selection was a compliance with the statute, a question of law based on

a question of facts would have been presented, and the latter—of which alone the judge *a quo* had jurisdiction—being decided by him, his ruling—as to the latter—could have been passed upon by this court.

If—as we are invited to do—we could legally consider the evidence taken to establish the alleged fact that the panel was not selected by a quorum of the commissioners, we would have to conclude that two of the three commissioners were present at the selection—that, occasionally, one went to the yard for a moment, but that—while he was absent—no name was drawn from the jury wheel. That was testified to and stands uncontradicted.

The second point urged by counsel is that one of the commissioners, when appointed as such, was discharging the duties of another office of profit and trust. This point does present a mixed question of facts and law. The facts are that—*in April 1877*—the party referred to was appointed as a member of the Board of Health, and—*in April 1878*—a jury commissioner. If those offices be incompatible, said party—by accepting that of jury commissioner—ceased to be a member of the Board of Health, and—consequently—was not holding or exercising, at the same time, in violation of the State constitution, more than one office of trust or profit.

29 A. 826 ; 2d. Hill, 93.

Besides, two of the three members who compose the board of jury commissioners, did select the panel, and the statute expressly provides that "the acts of two of them shall be as valid and binding as if performed by all."

The rehearing is refused.