## No. 1,328.

### THE STATE OF LOUISIANA VS. DAVID NOCKUM AND WILSON NOCKUM.

When the jury commission has failed and neglected to take from the venire box for several years the names of jurors disqualified, absent and dead, it is competent for a succeeding jury commission to remedy the evil, to empty the venire box, and place therein three hundred qualified jurors.

Where the clerk is introduced as a witness and questioned as to the right of the jury commission in taking from the venire box disqualified, absent and dead jurors, this is not such parol evidence as to contradict or vary the venires previously drawn.

When several members of a jury commission, who are also school directors, have qualified as commissioners since their appointment as school directors, they are competent and legal commissioners.

When the clerk of court, who is *ex officio* a jury commissioner, has taken the oath as such, it is not necessary for him to again take the oath when the judge removes the commissioners he is authorized to appoint, and appoints others.

There is no separation of a jury, when a juror is permitted to go to a water-closet, which has been previously examined by a deputy sheriff to see that no one is there, and goes in there, and the door is kept partially open, and the jury, under the charge of a deputy, is

kept in front of same at a convenient distance. Nor is there a separation when the jury is taken to a hotel for dinner, and kept together under the charge of two deputy sheriffs, and when no intercourse with them is permitted.

APPEAL from the Twenty-third District Court, Parish of Iberville. *Talbot,* J.

*Alex. Hébert* and *Jno. N. Ogden,* District Attorneys, for the State, Appellee.

*Chas. A. Roxborough* for Defendants and Appellants:

1. The jury commissioners have neither the right or authority to entirely empty the general venire box, after being once constituted, and place therein three hundred new names. Sec. 4, Act 44, 1877.

2. If a jury commission, having been newly appointed, have the right to make a new general venire box, and place therein three hundred new names, then they must do so within thirty days after their appointment. Sec. 4, Act No. 44, 1877.

3. Parol evidence cannot be introduced to explain, alter or vary the proces verbal of the venire or any other authentic act, when same has been signed by the clerk himself. State vs. Taylor, 27 Ann. 387; State vs. Revells. 31 Ann. 387; State vs. Brooks, 39 Ann. 817.

4. "In capital cases it is well settled, that jurors are not permitted to separate, and that upon a separation, misconduct and abuse will always be presumed." State vs. Frank, 23 Ann. 213.

The opinion of the court was delivered by

McENERY, J. The defendants were convicted of murder. David Nockum was found guilty without capital punishment, and William Nockum guilty as charged.

They have appealed from the verdict and judgment.

There are several bills of exception; challenge to the array of jurors, motion to quash and motion for a new trial.

The first objection urged is to the order of the judge to the jury commissioners to empty the general *venire* box and the act of the jury commissioners in pursuance of said order in placing in the box three hundred new names.

The reason assigned for this order by the judge is that at preceding jury terms of the court there were never less than five or six, and in several instances, seven or eight persons who were drawn as jurors who were disqualified, and he was satisfied that the old commissioners had never fully performed their duty in supplementing the names in the box and the order was rendered to direct a proper performance of this duty.

The clerk of court was sworn and interrogated as to acts of the old jury commission in the performance of their duty in erasing names from the list and taking them from the box, as required by law.

Objection was raised to this testimony that parol evidence can not be introduced to vary, or explain the proces verbal of the drawing of the venire, or any other authentical act, when the same has been signed by the clerk. It is plain that this objection is without merit. The object of the testimony of the clerk was to show the fact whether the jury commissioners had taken from the general venire box the names of all disqualified jurors, and of those absent and dead, and which forms no part of the proces verbal.

The clerk of court, Vinet, states that he was present when the box was emptied, on the 27th of March, 1889, under the order of court.

There were slips in the venire box with the names of persons written thereon by his predecessor five or six years previous; that he had been jury commissioner for five years, and during this time the venire box was never opened, and the names of those disqualified taken therefrom.

The order of the judge did not impose any duty on the jury commissioners which they were not authorized to perform. The object of Section 4, Act 44 of 1877, was to keep the names of qualified jurors in the box up to three hundred. When jurors had died, or had become disqualified, their names were supplied by others. If by the neglect of duty of a jury commission at each drawing of a jury, the names of jurors dead, absent and disqualified should not be taken from the box for a number of years, and should so increase as to cause confusion in the list of the venire, and reduce the number of the qualified jurors, the easiest way to remedy the defect would be, as was done in the instant case, by emptying the box, and placing therein new names of jurors, to the required number of three hundred.

Conceding that there was irregularity in the drawing of the jury, the accused have not shown that any fraud had been practiced upon them, or some great wrong committed in the drawing of the jury that worked an irreparable injury to them. Section 4, Act 44 of 1877.

In their motion for a new trial the accused alleged that there was a separation of the jury. It is well settled that in capital cases jurors are not permitted to separate. Misconduct will be presumed when a separation of the jury is allowed.

The evidence in this case fails to show any separation.

The juror who, it is alleged, separated from the other jurors, went to a water closet accompanied by the entire jury and deputy sheriff. The entire jury was placed fifteen or twenty feet in front of the door. The deputy sheriff first examined the closet to see that there was no one in there. During its occupancy by the juror the door was partially open. While the juror was in the closet a witness came near it, for similar purposes. He said nothing and addressed no one until the juror came from the closet, when he said something to the juror about the weather. The deputy sheriff immediately warned the juror not to speak, and no conversation was had. There were two deputy sheriffs in charge of the jury.

The deputy sheriff who had charge of the jury says that he was very careful with the jury, and extraordinarily so because he says he noticed the counsel for defendants at one of the courthouse windows apparently more interested in the jury than the two deputy sheriffs who had the jury in charge. The jury at the hotel, where they were carried for dinner, were in the immediate charge of these deputies, and did not separate. After dinner they returned under the charge of the deputies to the courthouse where they remained together until discharged.

The judge removed and appointed other jury commissioners. The defendants contend that this was a reorganization of the commission, and the clerk of court, who is *ex-officio* a member of the commission, must, with the other commissioners, take a new oath. This was unnecessary. The clerk having taken one oath is sufficient. As long as he holds the office of clerk he is jury commissioner *ex-officio.*

The appointment of commissioners which the law authorizes the judge to make does not necessitate the renewal of the oath by the clerk.

In the motion to quash, it is alleged that the grand jury which found the indictment against the accused was not a legally constituted grand jury, because three of the members of the jury commission were not qualified to act as jury commissioners, as they held commissions as school directors.

The acceptance of an office incompatible with one already held vacates the latter. State vs. Newhouse, 29 Ann. 824; State vs. Anata, 32 Ann. 193.

The record in this case shows that the jury commissioners, whose qualifications are denied, qualified as school directors in 1888, and as jury commissioners in 1889. They were, therefore, qualified and competent commissioners. State vs. Dolwood, 33 Ann., p. 1,229.

We are satisfied the accused have had a fair and impartial trial, and an able defense that has presented every fact and circumstance calculated to afford them relief.

We find no errors in the record.

Judgment affirmed.

When the jury commission has failed and neglected to take from the venire box for several years the names of jurors disqualified, absent and dead, it is competent for a succeeding jury commission to remedy the evil to empty the venire box, and place therein three hundred qualified jurors.

Where the clerk is introduced as a witness and questioned as to the right of the jury commission in taking from the venire box disqualified, absent and dead jurors, this is not such parol evidence as to contradict or vary the venires previously drawn.

When several members of a jury commission, who are also school directors, have qualified as commissioners since their appointment as school directors, they are competent and legal commissioners.

When the clerk of court, who is *ex-officio* a jury commissioner, has taken the oath as such, it is not necessary for him to again take the oath when the judge removes the commissioners he is authorized to appoint, and appoints others.

