Nelson et als. vs. Mayor and Selectmen.

No. 12,016.

A. T. NELSON ET ALS. VS. MAYOR AND SELECTMEN OF THE TOWN
OF HOMER.

The proviso to Art. 209 of the Constitution gives no authority to municipal cor-
porations to levy a tax for school purposes.

The General Assembly, under the Art. 46 of the Constitution, is prohibited from
conferring upon any one corporation the privilege to assess a local tax for
school purposes.

Act 110 of 1880 confers no power upon municipal corporations to amend their char-
ters, so as to incorporate in it any right or privilege not previously granted by
the Legislature.

APPEAL from the Third Judicial District Court for the Parish of
Claiborne. *Barksdale, J.*

*J. W. Holbert* for Plaintiffs, Appellants.

*John A. Richardson* for Defendants, Appellees.

Submitted on briefs January 20, 1896.
Opinion handed down February 10, 1896.

The opinion of the court was delivered by

MCENERY, J. The plaintiffs, who are taxpayers in the town of
Homer, bring this suit to annul certain ordinances of the corpora-
tion, establishing a high school, and the ordinances assessing and
appropriating five mills of the taxes of 1895 for the support and
maintenance of the school. The reason for the nullity of the ordi-
nance is that the corporation of the town of Homor was without
power and authority to enact said ordinances; to levy said amount
and appropriate the same for educational purposes.

The defence is that, under Art. 209 of the Constitution, municipal
corporations have the power and authority to levy and collect taxes
to the amount of ten mills for municipal purposes, and that an assess-
ment for educational purposes is a municipal regulation. It is further
alleged that the corporation in accordance with Act 110 of 1880,
amended its charter and incorporated this power in it.

Under the general welfare clause of the charter, as originally

granted, the District Judge rendered a judgment in favor of defendants, maintaining the legality of the ordinances and assessment and appropriation of the tax.  The plaintiffs appealed.

Art. 209 of the Constitution, in the *proviso* to said article, authorizes parishes and municipalities to increase the rate of taxation for the purpose of erecting and constructing public buildings, bridges and works of public improvement.  Under this article it would be a wide interpretation to include within its meaning the establishment of and the support of a public school.  Public education is declared by the Constitution to be an affair of the State, and it assumes the whole responsibility of public education.  It will be unnecessary to discuss the question whether the Legislature, by a general law, could authorize local assessments for educational purposes.  This question is not raised.  But it is certain, from the provisions of the Constitution, that the Legislature is without power to confer this privilege upon any particular political corporation.  Art. 46.

The power claimed to levy this tax under the amendment of the charter of the Constitution is unfounded.

The General Assembly is prohibited from passing any local or special law creating corporations, or annulling, renewing or extending or explaining the charters thereof, except as to the city of New Orleans and the creation of levee districts.  Art. 46 of the Constitution.

Act 110 of 1880 was, in consequence of this prohibition, enacted, authorizing existing corporations, by a vote of its members, to alter, change and amend their charters.  There is no power conferred by the act upon any corporation to incorporate within its charter any grant of any privilege not existing in the original charter.  Corporations are the creatures of legislative will, and can do no act not authorized by their charters, unless it is by implication necessary to carry out conferred powers.

In the original charter there was no grant of any right to the corporation of Homer to erect a school building and maintain a high school.  It can not by its own act usurp powers not granted.  There was no authority under the act for the corporation to so amend its charter as to authorize the levying of a tax for the maintaining of a high school or for any other educational purpose.  Police Jury vs. Shayot, 47 An. 589; Tax Collector vs. Dendinger, 38 An. 261.

The general welfare clause of the corporation can not be so

construed as to permit the exercise of an original power necessary to be granted in the first instance by legislative will.

Under this clause many useful and necessary exercises of power are allowed, but they are all referable to powers granted or those necessarily implied. The subject of education is an important matter, and it is so treated by the State, as it seems to be jealous of the exercise of the power by subordinate political corporations, as it has not granted local self-taxation for this purpose. This may be the key-stone to a successful educational system, but the collective people in convention did not so regard it; otherwise it would have found a place in the educational system of the State, and protection in the permanency of the organic law.

A high school is not essential to municipal government; a system of education is not a part of municipal regulation, and the power of a corporation to establish a public school can not be inferred from any power necessary for municipal existence.

The judgment appealed from is annulled, avoided and reversed, and it is now ordered that there be judgment for plaintiffs, decreeing the nullity of the ordinances mentioned in the petition and on which the taxing power and assessment is exercised for the levying of the five-mill tax complained of.