Statement of the Case.
MONROE, J.
The state prosecutes this appeal from a judgment quashing an indictment which charges that defendant—
“unlawfully and willfully, at the same time, did hold and occupy the offices of member of the school directors of St. Martin parish, and, also, that of mayor of Arnaudville, being two offices of trust and emolument, and thereby violating the -dual office act.”
The motion to quash alleges:
“That Act 13 of 1912 [commonly known as the dual office holding law] is unconstitutional, null, and void, because it does not comply with, and is contrary to, articles 31 and 33 of the Constitution, * * * in this, that article 31 * * * provides ‘that every act of the Legislature shall embrace but one object, and that shall be expressed in the title. * * * ’ “That article 170 of the Constitution * * * refers only to state offices, and not to municipal offices, and that said Act 13 of 1912 * * * refers to said article 170, and nothing more. That, being mayor of Arnaudville, your mover is only a municipal officer, and not a state officer, and hence article 170 * * and Act 13 of 1912, carrying the same into effect, do not apply to this case.”
Opinion.
[1, 2] Article 170 of the Constitution reads:
“No person shall hold or exercise, at the same time, more than one office of trust or profit, except that of justice of the peace or notary public.”
Article 126 of the Constitution of 1845 read:
“No person shall hold or exercise, at the same time, more than one civil office of emolument, except that of justice of the peace.”
Construing the article last quoted, this court, through Slidell, J., held that “the incompatibility contemplated by the Constitution is the holding of two state offices,” and hence that one. might, at the same time, hold a state and a parish office. Dorsey v. Vaughan, 5 La. Ann. 155.
Articles 122 of the Constitution of 1852 and 123 of the Constitution of 1864 were framed in the same language as article 126 of the Constitution of 1845; and articles 117 of the Constitution of 1868 and 159 of the Constitution of 1879 were, totidem verbis, the same as article 170 of the Constitution of 1898. Construing article 117 of the Constitution of 1868, this court held that it applied to a person holding two state offices, and there was no occasion for the expression of opinion upon the question whether the holding of a state and a municipal office would have been compatible with the Constitution. State v. Newhouse, 29 La. Ann. 824. In State v. Taylor, 44 La. Ann. 783, 11 South. 132, however, the court was called upon to decide whether the acceptance of a position as member of a municipal council by a person who, at the time, held the office of jury commissioner, made such person a dual office holder, within the meaning of article 159 of the Constitution of 1879, and, after full consideration, decided the question in the negative. So far as we know, or have been advised, the construction placed in 1850 upon article 126 of the Constitution of 1845 has been accepted since that time, and we are bound to assume that the framers of the Constitution of 1898, like the framers of the Constitutions of 1852, 1864,1868, and 1879, in placing articles identical in meaning in those Constitutions, adopted that construction in placing article 159 in *1101 the Constitution framed by them — all the more so since our predecessors in this court proceeded upon that assumption in deciding the case of State v. Taylor. We are therefore of opinion that article 170 of the Constitution of 1898 applies only to persons holding state offices, and has no application to the defendant, as the holder of the offices of member of the board of school directors and mayor of Arnaudville, and we shall consider Act 13 of 1912 from that point of view. The act is entitled—
“An act to enforce article 170 of the Constitution of 1898, declaring that ‘no person shall hold or exercise, at the same time, more than one office of trust or profit except that of justice of the peace or notary public,’ and providing penalties for the violation of this act.”
Section 1 of the act declares in general (and, to some extent, specific) terms who shall be regarded as office holders, within the meaning of its provisions, and it includes members of the different departments of the state, parish, and municipal governments, of state educational institutions, etc. It then reproduces, as section 2, the article 170 of the Constitution, which it purports to enforce. Section 3 provides that any person holding an office, as defined by section 1, shall be deemed to have vacated it by the acceptance of another office. Section 4 declares, in effect, that any person holding an office, as defined in section 1, who shall accept a second office, as so defined, and shall, after such acceptance,. discharge the duties or receive the emoluments of the first office, shall be guilty of a misdemeanor, and shall be punished, etc.
Inasmuch, however, as we hold that article 170 of the Constitution of 1898 has no application to municipal officers, we must also hold that act 13 of 1912, in so far as it includes such officers within the provisions, is broader than its title, and to that extent unconstitutional, since the title, in referring to and reproducing article 170 of the Constitution, must be understood as though the word “state” were written into it, and as though it, in terms, described' an act intended to apply exclusively to state officers, for, as we apprehend, the members of the General Assembly, knowing that articles identical in meaning (as to the question at issue) had been so interpreted for more than 60 years, under five Constitutions, must have so understood it. The judgment appealed from is therefore
Affirmed.