(64 South. 129.)

No. 20,306.

STATE v. PHENIX et al.

(Jan. 5, 1914.)

*(Syllabus by the Court.)*

1. MUNICIPAL CORPORATIONS (§ 142*)—OFFICERS (§§ 19, 30*)—CITY ATTORNEY.

Article 170 of the Constitution has no application to municipal officers, and it has been held that Act No. 13 of 1912 is unconstitutional; therefore a district attorney does not become functus officio by accepting an appointment as the attorney for a municipality.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 314; Dec. Dig. § 142;* Officers, Cent. Dig. §§ 22, 23, 37–43; Dec. Dig. §§ 19, 30.*]

2. CRIMINAL LAW (§ 622*)—SEVERANCE.

An accused is not entitled to a severance on the ground that he desires to call his codefendant as a witness, because, while the latter cannot be compelled to incriminate himself, still he may be called as a witness on behalf of his codefendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1380–1383, 1385, 1386, 1388–1390; Dec. Dig. § 622.*]

3. CRIMINAL LAW (§ 1148*)—APPEAL—DISCRETION OF COURT.

The matter of granting a severance in the trial of two accused is a matter largely in the discretion of the trial court, and, unless that discretion has been abused, this court will not interfere with a judgment overruling a motion for a severance.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3050–3052; Dec. Dig. § 1148.*]

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Andrew Phenix and Drake Taylor were convicted of larceny, and appeal. Affirmed.

M. H. Thompson, of Opelousas, for appellant. R. G. Pleasant, Atty. Gen., and R. Lee Garland, Dist. Atty., of Opelousas (G. A. Gondran, of Donaldsonville, of counsel), for the State.

BREAUX, C. J. The information filed charged Andrew Phenix and Drake Taylor with having stolen two hogs valued at $30.

Tried, they were found guilty of larceny. Sentence: The penalty imposed was two years in the state penitentiary.

Defendant appealed.

The bill of information was assailed for the reason that the district attorney accepted the appointment of attorney for the municipality of Grand Coteau in St. Landry, and thereby became functus officio as district attorney. It was charged that by accepting the second office he abandoned the first and became disqualified from acting as district attorney.

[1] Similar objection received consideration recently. It was held that article 170 of the Constitution has no application to municipal officers, and in addition it was held that Act No. 13 of 1912 is unconstitutional. State v. Martin (No. 20,263) 63 South. 598,† decided November 1, 1913. The decision specially held that the statute, in so far as it sought to include the officers of municipalities, was unconstitutional. Moreover, that the title of the act was illegal because as written it must be understood as though the word "state" were written into it, and from that point of view it must be inferred that it was intended to apply exclusively to state officers.

It follows that the trial court did not err in overruling the motion to quash in which the grounds before discussed were narrated.

The ruling is approved and affirmed.

[2] Let us take up the next question for decision, to wit, severance applied for, and the extent to which it is a question on appeal. One of the defendants made application for a severance on the ground that the other defendant had confessed his guilt and sought to implicate him. He urged that the defenses were antagonistic. Without a severance, there would be no fairness in the trial.

The trial court informs us that, after having heard argument on the question, he declined to grant the severance, and that justice

† 133 La. 1098.

could be meted to each without a separate trial for each.

The defendant who moved for a severance urges on appeal that he was damaged by the admissions of the defendant with whom he was tried.

The brief of learned counsel for defendant discusses this point and presents a view of the case hardly sustained by the bill of exceptions. The defendant is scarcely consistent in his defense. He stated in his motion for a severance that he had acted as the agent of the joint defendant with him, and that he had good reason to believe that it was not stolen property, but the property of the other defendant; that the purpose of the severance was to call this asserted owner of the property as a witness in his behalf to prove that he had acted as his agent. At another time in the course of the trial it is said that the other defendant was hostile practically because his admissions implicated the defendant Phenix, who asked for the severance.

There is incompatibility here between agency to be proven and asserted damaging admissions to be opposed. It is not reasonable to believe that one confessing acts which prove that both are guilty will in the next breath swear that his asserted partner in crime was his agent. While afforded all needful protection, Phenix might have called Taylor as a witness even as it was. Circumstances of the witness being a party accused and being jointly tried shall in no way disqualify him from testifying.

Act 185 of 1902, construed with prior act in pari materia. True, the primary object in this and other statutes was to permit the accused to testify in his own behalf, but he may also be heard to testify in behalf of one with whom he is jointly tried. There is no necessity of a separate trial so as to enable him to testify in behalf of the one with whom he is tried. This witness, true, cannot be made to incriminate himself or in any way to prejudice his cause. He is entitled to full protection; as in the case in which he is a witness in his own behalf.

[3] There is not an allegation here or the least evidence going to show that there was the least reason on personal grounds for defendant Taylor to testify. Had that been made to appear in any way, doubtless, the trial judge would have granted the severance. But there is nothing of the kind in the case. The question of severance has the appearance exclusively of an abstract question. Not fully advised of the facts, we will not assume that the case was different from that which is made to appear by the statement of the trial judge, to wit, there was no reason to think that two defendants could not be tried together. State v. Ducote, 43 La. Ann. 185, 8 South. 439.

It has long since been settled that severance is left in very great part to the discretion of the trial judge. It does not appear in this instance that he has exceeded his discretion.

For reasons stated, the sentence and judgment are affirmed.