(No. 16241.—Judgment affirmed.)

THOMAS L. FEKETE, JR., Plaintiff in Error, *vs.* THE CITY
OF EAST ST. LOUIS, Defendant in Error.

*Opinion filed December 16, 1924.*

1. OFFICES—*constitutional definition of an office.* An office, as
defined in the constitution, is a public position created by the con-
stitution or law and continuing during the pleasure of the appoint-
ing power or for a fixed term, with a successor elected or appointed.

2. SAME—*who is an officer of the United States.* An officer of
the United States is one who holds office by virtue of appointment
by the President or by heads of departments authorized to make
appointments.

3. SAME—*commission is not essential to an office.* While the
appointment of an officer is usually evidenced by a commission, it
is not essential to the validity of the appointment that a commis-
sion issue.

4. SAME—*mere neglect of an officer does not create vacancy in
office.* The mere neglect of an officer to perform his official duties,
without any action showing an intention to abandon the office, does
not create a vacancy.

5. SAME—*under the constitution a captain in the United States
army cannot hold office of city attorney.* Under the constitutional
provision that no person holding any office of honor or profit un-
der the government of the United States shall hold any office of
honor or profit under the authority of the State, a captain in the
United States army cannot hold the office of city attorney or be
entitled to the salary of the latter office while he is in the United
States service, although he was inducted into the service for the
emergency of war while he was captain in the State militia and
after his election to the office of city attorney.

WRIT OF ERROR to the Circuit Court of St. Clair county;
the Hon. GEORGE A. CROW, Judge, presiding.

BARTHEL, FARMER & KLINGEL, for plaintiff in error.

R. V. GUSTIN, and MARTIN DRURY, for defendant in
error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit is an action of assumpsit brought by Thomas L. Fekete, Jr., against the city of East St. Louis, to recover salary as city attorney. A jury was waived, the cause was tried before the court, and judgment was rendered in favor of defendant for costs. A writ of error was sued out of this court to review the judgment, a construction of the constitution being involved.

Plaintiff was elected city attorney of East St. Louis in April, 1917, for two years, at a salary of $2000 per year. July 23, 1917, he volunteered as a member of the Illinois National Guard and was commissioned by the Governor of Illinois as captain. On the date of his enlistment in the National Guard the city council adopted a resolution that the office of city attorney should not be declared vacated and that plaintiff be granted leave of indefinite absence. By proclamation of the President on July 3, 1917, issued under authority of an act of Congress, plaintiff, together with national guardsmen generally, was inducted into the army and service of the United States government, "to serve for the period of the existing emergency unless sooner discharged," and commissioned captain. He was discharged from the army in August, 1919, which was after the expiration of the term for which he had been elected city attorney. He had been paid the salary due him when he entered the military service, and upon his return from France, after his discharge, he demanded the balance of the salary for the two years, $3516.13, but the city refused to pay it, and this suit was brought to recover it.

To the declaration filed by plaintiff, defendant filed a plea that plaintiff had subsequent to his election as city attorney, which is an office of profit under authority of the State of Illinois, been appointed by the government of the United States to the office of captain in the United States army, that being an office of profit under the United States;

that he received and accepted the salary and emoluments of said office, by reason of which provisions his office of city attorney became vacated.

The decision of the case involves a construction of the provision of section 3 of article 4 of our State constitution, that no person holding any office of honor or profit under the government of the United States shall hold any office of honor or profit under the authority of this State. The same section and article of our constitution provide that appointments in the militia shall not be considered lucrative. Prior to plaintiff's enlistment in the militia and his being commissioned captain in that organization, Congress had passed legislation and authorized the President of the United States by proclamation, which had been issued, to draft in the service of the United States army, to serve during the existing emergency, all members and organizations of the National Guard, to be embraced into organizations corresponding to those of the regular army. All officers of the National Guard drafted, not above the rank of colonel, were appointed officers in the army of the United States in the grades in which they held commissions as officers of the National Guard, and persons so drafted were discharged from the militia under the act of Congress. After plaintiff was inducted in the United States army he ceased to be a member of the militia, and the provision in the constitution that appointments in that organization should not be considered lucrative can have no application.

The constitution defines an office as a public position created by the constitution or law and continuing during the pleasure of the appointing power or for a fixed term, with a successor elected or appointed. An officer of the United States is one who holds office by virtue of appointment by the President or by heads of departments authorized to make appointments. (*United States* v. *Mouat,* 124 U. S. 303, citing *United States* v. *Germaine,* 99 id. 508; 3 Cyc. 818.) While the appointment of an officer is usually evi-

denced by a commission, it is not essential to the validity
of the appointment that a commission issue.   (3 Cyc. 819,
820.)   All persons drafted in the United States army ac-
cepting commissions as officers were made subject to the
laws and regulations governing the regular army so far as
such laws and regulations were applicable, and they were
required to serve during the existing emergency.   Officers
and enlisted men, under the terms of the act of Congress,
received the same pay and allowance as officers and enlisted
men in the regular army of the same grades and of same
prior service.   It is clear plaintiff was not, after his appoint-
ment as captain in the United States army, a member of
the Illinois National Guard.

Plaintiff contends that to come within the constitution
the incompatibility or inconsistency of the two offices must
be, not the physical impossibility of performing the duties
of the two offices from lack of ability to be in two places at
the same time but must be an inconsistency in the functions
of the two offices, and among the authorities cited to sup-
port that argument *Bryan* v. *Cattell,* 15 Iowa, 538, is much
relied upon.   In that case the Iowa court considered the ef-
fect of a district attorney receiving an appointment as cap-
tain in the volunteer service of the United States army dur-
ing our late Civil War.   The court held there was nothing
in the nature of the two offices incompatible with each
other.   The court said, the absence of the district attorney
from the State during the months of January, February and
March, 1862, presented a serious obstacle to his recovering
for those months but sustained his claim of right to recover.
That case was cited and quoted from by this court in *Peo-
ple* v. *Bradford,* 267 Ill. 486.   In that case the appellee was
elected one of the commissioners of the city of Ottawa.   He
filed a petition for writ of *mandamus* to compel the mayor
and other commissioners to issue warrants for his salary
as commissioner.   The writ was resisted on the ground ap-
pellee had not performed the duties of his office, and by

his neglect to do so he had abandoned his office and forfeited his right to the salary. Appellee did not accept another office or resign as commissioner, and this court held the mere neglect of an officer to perform his official duties, without any action showing an intention to abandon the office, would not create a vacancy, and the Iowa case was cited in support of that proposition.

The Iowa case (*Bryan* v. *Cattell, supra,*) makes no reference to any constitutional provision such as ours but is based on the proposition that under the law one person might hold and receive the salaries of two offices, provided there is no conflict or incompatibility in the discharge of the duties of the two offices by one man. With great deference we must say it does not seem to us the Iowa case is sound. After the decision the legislature passed a statute which provided that if a civil officer accepted a commission in the military service and the exercise of the duties of the military office required him to be out of the State not less than sixty days it would vacate the civil office. The case was not based on any constitutional provision similar to ours. The constitutional question we are confronted with is whether, after plaintiff became city attorney, which is an office of honor or profit, he accepted an office of honor or profit from the United States. If he did, it is unimportant whether the duties of the two offices were incompatible or not. The prohibition is against one man holding an office of honor or profit under the United States and another office of honor or profit under authority of this State. It would do violence to common sense to say both the offices held by the plaintiff were not offices of honor or profit. It is highly creditable to the patriotism and Americanism of the plaintiff that he voluntarily placed himself in a position to be drafted in the United States army as an officer. In view of the prior act of Congress and proclamation of the President, he knew the probable, and practically certain, effect of his act of enlisting in the National Guard and accepting

the commission of captain would be that he would be drafted in the United States army, commissioned with the same rank he held in the National Guard, and paid the same salary and allowance as officers of the regular army during the "existing emergency." What did happen was what was bound to happen: the plaintiff was sent with the army to France, where he remained during the World War.

The identical question here involved was decided in *Lowe* v. *State*, 83 Tex. Crim. 134. In that case a judge became an officer in the National Guard in 1917 and was later taken by the United States as an officer in the military service. Under a constitutional provision practically identical with ours, the court held when the judge accepted the position of an officer in the military service of the United States and was placed on the pay-roll as such he vacated his office as judge. The Supreme Court of Indiana held in *Kerr* v. *Jones*, 19 Ind. 351, that the office of Supreme Court reporter and colonel of volunteers in the United States army were both lucrative within the meaning of a constitutional provision prohibiting holding more than one lucrative office at a time. In *State* v. *Sadler*, 25 Nev. 132, 83 A. S. R. 573, it was held that a State senator who accepted appointment as paymaster in the United States army with rank of major thereby vacated his office of State senator under a constitutional provision that no one holding any lucrative office under the government of the United States should be eligible to hold any civil office of profit under the State. Dillon on Municipal Corporations (5th ed. sec. 420,) says, voluntary enlistment of a civil officer in the United States army for three years, "or during the war," vacated the civil office, being a constructive resignation by abandonment.

The question we have to determine is one of law, unaffected by sentiment. It seems not open to question that the office of captain in the United States army is an office of honor or profit. If it is, plaintiff by his appointment to and acceptance of that office was thereby rendered ineligible

to hold the office of city attorney, an office of honor or profit under the authority of this State. His acceptance of the former office was a constructive resignation or abandonment of the latter.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*