No. 4012

Second Circuit

———

STATE OF LA. EX REL. GRAY v. PIPES ET AL.

———

(April 9, 1931.  Opinion and Decree.)
(May 20, 1931.  Rehearing Refused.)
(June 22, 1931.  Writ of Certiorari and Review Granted by Supreme Court.)

———

Todd, Todd & Fraser, of Bastrop, and George Gunby, of Monroe, attorneys for plaintiff, appellee.

Madison & Madison, of Monroe, attorneys for defendants, appellants.

WEBB, J.  This case was tried at the same time as the case of State ex rel. J. T. White v. Henry Mason, 133 So. 809, and State ex rel. A. P. Wimberly v. T. E. Barham, 133 So. 812, this day decided. Defendant appeals from a judgment rendered in favor of relator, recognizing him as entitled to the office of member of the Morehouse parish school board, ward 8 of said parish, and divesting defendant of said office.

The cases were presented here on the same briefs, and the present case involves the same issues as previously decided; but, in the present case, defendant accepted the federal office, postmaster, after he was elected, commissioned, sworn, and had entered and was exercising the duties of the said state office, member of the Morehouse parish school board, from ward 8 of said parish, and he had resigned the federal office at the time of the trial in the lower court, which was especially pleaded in his answer.

The ruling in the cause of State ex rel. J. T. White v. Henry Mason that the office of member of the parish school board was a state office and that the offices of postmaster and member of the school board are incompatible, within the meaning of section 4, article 19 of the Constitution, and the ruling on the plea in abatement, are applicable to the same questions presented

in the present case; and passing those questions, we consider first the special plea that defendant has resigned the federal office, and second, whether or not he vacated the state office by accepting the federal office.

While the evidence established that defendant had resigned the federal office before issue was joined, his resignation had not been accepted at the time of the trial, when he was still exercising the duties of the federal office; and it cannot be said that defendant was not then at least exercising the duties of one office under the state and another under the United States, and that defendant was at the time holding the state office in violation of law. But, passing that question, it is evident that, if the effect of defendant's accepting and discharging the duties of the federal office was to cause a vacancy in the state office, his subsequent resignation of the federal office would not restore him to the state office. Bunting v. Willis, 68 Va. 144, 21 Am. Rep. 338.

As stated in the prior opinion referred to, there has not been any decision in which the effect to be given to the violation of the prohibition has been considered, but in other jurisdictions it has been uniformly held that, where the federal office is accepted after the state office, the latter is vacated (People v. Leonard, 73 Cal. 230, 14 P. 853; State v. Sadler, 25 Nev. 131, 58 P. 284, 59 P. 546, 63 P. 128, 83 Am. St. Rep. 573; Fekete v. E. St. Louis, 315 Ill. 58, 145 N. E. 692, 40 A. L. R. 650), and, although the ruling is based upon a rule of the common law, which, it is apparently urged, cannot be applied here in the absence of a legislative provision; yet the common-law rule has been applied in many cases where there was not any legislative provision (State v. Newhouse, 29 La. Ann. 824;

State v. Arata, 32 La. Ann. 193; State v. Nockum, 41 La. Ann. 689, 6 So. 729); and, unless it may be said that defendant, having been vested with the legal title to the state office, could be divested of the title only by judicial proceedings, we do not see any reason why the rule should not be applied.

While there cannot be any doubt that in some cases where an officer, after having legally entered upon the discharge of the duties of an office, commits an act for which he may be deprived of the office, it is essential that he should be deprived of the office by judicial proceedings, but we are of the opinion that such is not the case where the act committed of itself deprives him of the right to the office.

Appellant concedes that the prohibition against any one holding or exercising an office under this state and holding or exercising an office under another sovereignty, as contained in the first provision of section 4, article 19, of the Constitution, is self-operative; and it cannot be said, under the facts stated, that defendant had the right to hold or exercise the office which the Constitution declares he could not hold or exercise. It was not necessary, therefore, that defendant should have been deprived of the title to such office by judicial proceedings prior to the appointment being made. State v. Beard, 34 La. Ann. 273-279; also State v. Jones, 19 Ind. 356, 81 Am. Dec. 403.

Defendant, by accepting the federal office, vacated the state office; the appointment of relator to fill the vacancy was valid and vested title to the office in relator; and the judgment recognizing relator as entitled to the office and ousting defendant from possession is therefore affirmed.