No. 4013

Second Circuit

STATE OF LA. EX REL. WHITE v. MASON ET AL.

(April 9, 1931. Opinion and Decree.)
(May 20, 1931. Rehearing Refused.)
(June 22, 1931. Writ of Certiorari and Review Granted by Supreme Court.)

Todd, Todd & Fraser, of Bastrop, and George Gunby, of Monroe, attorneys for plaintiff, appellee.

Madison & Madison, of Monroe, attorneys for defendants, appellants.

WEBB, J. In this action, relator, J. T. White, of Morehouse parish, La., who claims the office of member of the Morehouse parish school board, from ward 7 of said parish, under and by virtue of an appointment made and commission issued thereon by the Governor of Louisiana on October 17, 1930, seeks to obtain judgment against defendant Henry Mason, of same domicile, who claims the said office under and by virtue of an election held in November, 1926, and a commission issued thereon in due course by the Governor of Louisiana, ousting defendant from said office and decreeing relator entitled thereto.

The basis of the action is that, at the time defendant was elected, commissioned, and sworn, he held and was discharging the duties of the office of postmaster at Gallion, of said parish, under an appointment by the Postmaster General of the United States, that defendant had immediately after taking oath of office entered

into the discharge of the duties of member of the school board, while retaining the office of postmaster and discharging the duties of that office, and that since that time defendant has held and discharged the duties of both offices. And the questions presented are whether or not the offices are incompatible within the meaning of section 4, article 19, of the present Constitution; and, if so, whether the said office of member of the school board was vacant when relator was appointed and commissioned to said office.

Defendant filed exceptions of no right or cause of action, an answer, and a plea in abatement. The exceptions and plea were overruled, and, on trial, judgment was rendered in favor of relator, as demanded, from which judgment defendant appeals.

It is conceded that the relator was appointed under the provisions of Act No. 100 of 1922, sec. 17, which provides that "all vacancies in the membership of parish school boards caused by death, resignation, or otherwise, shall be filled by appointment by the Governor"; and passing, for the present, the issue raised by the plea in abatement, it is conceded that the questions presented involve the construction of section 4, article 19, of the Constitution, which reads as follows:

"No member of Congress, nor person holding or exercising any office of trust or profit under the United States, or any State, or under any foreign power shall be eligible as a member of the Legislature, or hold or exercise any office of trust or profit under the State; nor shall any person hold or exercise, at the same time, more than one office of profit except that of Justice of the Peace or Notary Public. Provided, this section shall not apply to Officers in the Reserve of the United States Army, Navy, Marines, and National Guard."

The section quoted contains two distinct general provisions—one prohibiting any person from holding or exercising an office under this state, and another office under another sovereignty; and the other prohibiting any person from holding at the same time more than one office, which provisions will hereinafter be referred to as the first and second provisions. Both of the provisions have been contained in prior Constitutions adopted in this state, being embodied, however, in separate articles, and it is conceded that the questions presented here involve the construction of the first provision, which, with one exception (State v. Joseph, 143 La. 428, 78 So. 663, L. R. A. 1918E, 1062), has never been construed by the Supreme Court, in which there was not any ruling which affects the questions presented here.

Considering the first question presented, which is whether or not the office of postmaster and member of the parish school board are incompatible within the meaning of the first provision, there is not any suggestion that the position of postmaster is not an office under the United States or that the position of member of the school board is not a public office; but appellant contends that the office of member of the parish school board is not an office within the meaning of the constitutional provisions.

In support of the contention that the offices are not incompatible, it is urged that, under the provisions of Act No. 100 of 1922, enacted to carry into effect the provisions of article 12 of the Constitution, which deals with public education, parish school boards are constituted bodies corporate with authority to stand in judgment, and that the members of the school board are merely officers of the corporation, and are not included in the constitu-

tional inhibition. In support of that position, numerous decisions of the Supreme Court are cited, in which the prohibition contained in the second provision of section 4, article 19, of the Constitution, has been construed; and appellant also urges that the Legislature has construed the prohibition contained in the first provision of section 4, article 19, as not prohibiting postmasters from holding the office of member of the school board.

The legislative construction, to which appellant refers, is contained in Act No. 120 of 1916, which was enacted to carry into effect the provisions of article 248 et seq., of the Constitution of 1913, which dealt with public education, and reads as follows:

"To be a member of a school board one shall be a qualified elector in the ward from which he is elected, able to read and write, who does not hold any office or position of honor, trust or emoluments, city, parish, or state, or hold any permanent employment in any capacity by any board, department or officer, municipality, parish or state; except that of justices of the peace, notaries public, member of drainage boards, and postmasters shall be eligible to school board membership." (Section 5.)

We do not think that the provision quoted shows the Legislature considered that either the office of postmaster or school board member was not included in the constitutional provision now considered, but that it indicates to the contrary. But, whatever inference may be drawn from the provision quoted from the statute relative to the construction placed upon the constitutional inhibition, the inference is not sufficient to warrant the conclusion that the Legislature construed the inhibition as not including postmasters. And Act No. 120 of 1916, having been repealed by Act No. 100 of 1922 (Knight v. Webster Parish School Board, 164 La. 482, 114 So. 104), it

is not necessary to consider what was the effect of the declaration that postmasters were eligible to school board memberships.

In the decisions cited, in which the Supreme Court has construed the prohibition contained in the second provision of section 4, article 19, of the Constitution, it is held that the provision was applicable only to state offices, and did not apply to municipal offices and parish offices (Dorsey v. Vaughan, 5 La. Ann. 155; State v. Martin, 133 La. 1098, 63 So. 598), and it is urged that, under the ruling, the office of member of a parish school board is not an office under the state, within the meaning of the first provision of section 4, article 19, of the Constitution, and that the office is merely a parish or municipal office under a political corporation under the provisions of Act No. 100 of 1922, which constituted the parish school boards bodies corporate. It is evident from the cases referred to and other decisions cited by the parties (State v. Nockum, 41 La. Ann. 689, 6 So. 729; State v. Jean, 42 La. Ann. 946, 8 So. 480; State v. Taylor, 44 La. Ann. 783, 11 So. 132; State v. Titus, 152 La. 1011, 95 So. 106), that the basis of the rulings, in which the inhibition was considered with reference to certain offices, was that such offices were not state offices, or offices established by the Constitution or created by the Legislature.

There is some distinction made between offices which are included in the prohibitions contained in the first and second provisions of section 4, article 19, of the Constitution; in that the second provision refers only to offices of profit; and appellee contends that the decisions construing the second provision, in which it is held that only state offices were included in the prohibition, are not applicable to the prohibition contained in the first provision, as

the words "under the state" used in the first provision, as applied to public offices, include all offices held under the authority of the state, or other sovereignties, citing in support of the contention Fekete v. E. St. Louis, 315 Ill. 58, 145 N. E. 692, 40 A. L. R. 650; also Wood v. Miller, 154 Ark. 318, 242 S. W. 573. We do not deem it necessary, however, to consider that question, as we are of the opinion that the office of member of the parish school board was created by the Legislature.

While the parish school boards were constituted bodies corporate under the provisions of Act No. 100 of 1922, and given limited authority in a definite territory, the statute was enacted and the parish school boards created and provision made for the election of the members thereof in obedience to the mandate contained in article 12 of the Constitution, under which the state established a system and assumed the responsibility of public education. Nelson v. Town of Homer, 48 La. Ann. 258, 19 So. 271; State v. New Orleans, 42 La. Ann. 92, 7 So. 674. There cannot be any doubt that the boards were created to exercise a part of the duties undertaken by the state, and which concern the entire state, and the election of the members of the board having been provided for as stated, and their terms of office and compensation provided for under the statute, we are of the opinion that the members of the parish school boards are state officers, and the offices held by them state offices (see State v. Taylor, supra), and that such offices are incompatible with the office of postmaster, within the meaning of the inhibition contained in the first provision of section 4, article 19, of the Constitution.

The second question relates to the effect which should be given to the violation of the prohibition contained in the first provision of section 4 of article 19 of the Constitution. Both of the parties state that the provision is self-operative, but they differ as to the effect of its violation. Appellant contends that the violation did not cause a vacancy in the state office, but merely gave the state the right to proceed against him and divest him of the state office, in the event he did not voluntarily resign the postmastership; while appellee contends that the effect was to cause a vacancy in the state office, or, in other words, that defendant holding a federal office, could not accept the state office, and that the acceptance of the state office, being in violation of the prohibition, was void.

There has not been any decision by the Supreme Court of this state in which the effect to be given to the violation of the inhibition has been considered; and, while counsel cited numerous decisions from other jurisdictions in which the question was presented, in the majority of the cases cited the federal office was accepted after the state office, and the general rule that the acceptance of a second office, incompatible with the one already held, vacates the first, was applied. People v. Leonard, 73 Cal. 230, 14 P. 853; State v. Sadler, 25 Nev. 131, 58 P. 284, 59 P. 546. 63 P. 128, 83 Am. St. Rep. 575; Fekete v. E. St. Louis, 315 Ill. 58, 145 N. E. 692, 40 A. L. R. 650. It is evident, however, that the rule cannot be applied where the federal office is held at the time the state office is accepted, as the state has no control over the federal office (Corpus Juris, vol. 46, p. 947, sec. 55), and there is some conflict in the decisions cited relative to whether or not, in the latter case, the state office is ipso facto vacated.

It must be conceded that whatever is done in violation of a prohibitory law is void (article 12, C. C.), and, although that

rule is not applicable when the validity of the acts of one who holds or exercises the duties of an office in violation of the prohibition are called in question (State v. Smith, 153 La. 577, 96 So. 127 and authorities cited), there is not any reason why the rule should not be applied to the acts of defendant in accepting and qualifying for the state office while holding and exercising the duties of the federal office; and, under that rule, the action of defendant, in qualifying for the state office, was without effect (see Bunting v. Willis, 68 Va. 144, 21 Am. Rep. 338), and the office was not legally filled, and was vacant in the eyes of the law (R. C. L. vol. 22, "Public Offices," p. 437, sec. 91 et seq.).

We are therefore of the opinion that the state office of member of the Morehouse parish school board was vacant, within the meaning of the statute (Act No. 100 of 1922), which provides that the Governor shall fill all vacancies in such offices by appointment and that the appointment of relator was valid.

The plea in abatement, which was filed after issue had been joined and over the objection of relator (see Gurley v. New Orleans, 124 La. 391, 50 So. 411), was based on the allegation that the Governor had canceled the appointment of relator and recalled the commission issued thereunder. Passing the objection of relator to the plea and without relating the evidence introduced, it is sufficient to state that the evidence did not establish the allegations on which the plea was based, and that the plea was properly overruled.

The appointment of relator vested him with the legal right to the office, and the judgment recognizing him as entitled to and divesting defendant of possession of the state office is affirmed, at defendant's cost.