

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. Watt Page
Adjutant General
Austin, Texas

Dear Sir:

Overruled by S. Chan Cout
Carpenter v. Shepford
145 S.W. 2nd 562

Opinion No. 0-2769
Re: Authority of State National
Guardsmen to hold and re-
ceive pay for their State
offices while they are in
active military duty in the
service of the United States
pursuant to presidential
order.

    In your letter of September 20, 1940, you advise that some National Guardsmen who are occupying offices carrying a salary appropriated by the Legislature have been ordered into Federal service for an indefinite period as officers of the National Guard of the United States and that they will, under Federal law, be paid, from the date they were so mustered into Federal service, from Federal funds, the compensation appropriate to their grades and lengths of service as such officers. You desire to be advised with respect to the following questions:

    1. May such individuals hold and enjoy, during their tours of active military duty in the service of the United States as ordered thereto by the President, their offices under the State of Texas?

    2. So long as they perform the duties of their State offices, are you authorized to approve their payroll carrying their names and State compensation?

    These National Guardsmen have been ordered into the active military service of the United States by the President of the United States acting under the authority of Public Resolution No. 96, Act by the 76th Congress. This resolution reads in part as follows:

O COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Resolved by the Senate and House of Representatives of the United States of America in Congress assembled, That during the period ending June 30, 1942, the President be, and is hereby, authorized from time to time to order into the active military service of the United States for a period of twelve consecutive months each, any or all members and units of any or all reserve components of the Army of the United States (except that any person in the National Guard of the United States under the age of 18 years so ordered into the active military service shall be immediately issued an honorable discharge from the National Guard of the United States), and retired personnel of the Regular Army, with or without their consent, to such extent and in such manner as he may deem necessary for the strengthening of the national defense: Provided, That the members and units of the reserve components of the Army of the United States ordered into active Federal service under this Authority shall not be employed beyond the limits of the Western Hemisphere except in the territories and possessions of the United States, including the Philippine Islands.

"Sec. 2. All National Guard, Reserve, and retired personnel ordered into the active military service of the United States under the foregoing special authority, shall from the dates on which they are respectively required by such order to report for duty in such service, be subject to the respective laws and regulations relating to enlistments, reenlistments, employment, conduct, rights, and privileges, and discharge of such personnel in such service to the same extent in all particulars as if they had been ordered into such service under existing general statutory authorizations."

Section 101 of the National Defense Act of the United States, as amended to January 1, 1940, (39 Statutes 208), provides:

"The National Guard when called as such into the service of the United States shall, from the time they are required by the terms of the call to respond thereto, be subject to the laws and regu-

lations governing the Regular Army, so far as such laws and regulations are applicable to officers and enlisted men whose permanent retention in the military service, either on the active list or on the retired list, is not contemplated by existing law."

Section 111 of the same act provides as follows:

"When Congress shall have declared a national emergency and shall have authorized the use of armed land forces of the United States for any purpose requiring the use of troops in excess of those of the Regular Army, the President may, under such regulations, including such physical examination as he may prescribe, order into the active military service of the United States, to serve therein for the period of the war or emergency unless sooner relieved, any or all units and (the) members (thereof) of the National Guard of the United States. All persons so ordered into the active military service of the United States shall from the date of such order stand relieved from duty in the National Guard of their respective States, Territories, and the District of Columbia so long as they shall remain in the active military service of the United States, and during such time shall be subject to such laws and regulations for the government of the Army of the United States as may be applicable to members of the Army whose permanent retention in active military service is not contemplated by law. The organization of said units existing at the date of the order into active Federal service shall be maintained intact insofar as practicable.

"Commissioned officers and warrant officers appointed in the National Guard of the United States and commissioned or holding warrants in the Army of the United States, ordered into Federal service as herein provided, shall be ordered to active duty under such appointments and commissions or warrants: Provided, That those officers and warrant officers of the National Guard who do not hold appointments in the National Guard of the United States may be appointed and commissioned or tendered warrants therein by the President, in the

same grade and branch they hold in the National Guard.

"Officers and enlisted men while in the service of the United States under the terms of this section shall receive the pay and allowances provided by law for officers and enlisted men of the reserve forces when ordered to active duty, except brigadier generals and major generals, who shall receive the same pay and allowances as provided by law for brigadier generals and major generals of the Regular Army, respectively. Upon being relieved from active duty in the military service of the United States all individuals and units shall thereupon revert to their National Guard status.

"In the initial mobilization of the National Guard of the United States, war-strength officer personnel shall be taken from the National Guard as far as practicable, and for the purpose of this expansion warrant officers and enlisted men of the National Guard may, in time of peace, be appointed officers in the National Guard of the United States and commissioned in the Army of United States."

The provisions of the Constitution of the State of Texas bearing upon your questions are as follows:

"Section 12, Article 16. No member of Congress, nor person holding or exercising any office of profit or trust, under the United States, or either of them, or under any foreign power, shall be eligible as a member of the Legislature, or hold or exercise any office of profit or trust under this State."

"Section 33, Article 16. The accounting officers of this State shall neither draw nor pay a warrant upon the treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution. Provided, that this restriction as to the drawing and paying of warrants upon the treasury shall not apply to officers of the National Guard of Texas, the National Guard Reserve, the Officers Reserve Corps of the United

States, or to enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States, nor to retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers and retired enlisted men of the United States Army, Navy, and Marine Corps."

"Section 40, Article 16. No person shall hold or exercise, at the same time, more than one civil office of emolument, except that of Justice of Peace, County Commissioner, Notary Public and Postmaster, Officer of the National Guard, the National Guard Reserve, and the Officers Reserve Corps of the United States and enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States, and retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers, and retired enlisted men of the United States Army, Navy, and Marine Corps, unless otherwise specially provided herein. Provided, that nothing in this Constitution shall be construed to prohibit an officer or enlisted man of the National Guard, and the National Guard Reserve, or an officer in the Officers Reserve Corps of the United States, or an enlisted man in the Organized Reserves of the United States; or retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers, and retired enlisted men of the United States Army, Navy, and Marine Corps, from holding in conjunction with such office any other office or position of honor, trust or profit, under this State or the United States, or from voting at any election, general, special or primary, in this State when otherwise qualified."

Since Article 16, Section 40 has application only to the holding of two "civil" offices of emolument, that section of the Constitution does not apply to the situation which you present. Ex parte Dailey, (Texas Criminal Appeals) 246 S.W. 91.

Article 16, Section 12, and Article 16, Section 33, however, are not limited in their application to "civil" offices.

When an officer or an enlisted man in the National Guard of the State of Texas is called into the active military service of the United States, from the date that such officer or enlisted man in the National Guard of the State of Texas is mustered into the active military service of the United States he is relieved from duty in the National Guard of the State of Texas and ceases to be a member of that organization. If he holds an office of profit or trust under this State, and by virtue of having been ordered into the active military service of the United States he acquires and holds or exercises an office of profit or trust in the active military service of the United States, under the provisions of Article 16, Section 12, of our State Constitution, he automatically vacates the office which he holds under this State. Lowe vs. State, 83 Texas Criminal Reports, 134, 201 S.W. 986; Fekete vs. City of East St. Louis, 315 Ill., 58, 145 N.E. 692. Quoting from the case last above cited:

"After the plaintiff was inducted into the United States Army he ceased to be a member of the Militia, and the provision in the Constitution that appointments in that organization should not be considered lucrative can have no application."

Each of the questions which you have presented therefore, must be answered in the negative.

You have limited your questions to the situation where a National Guardsman holding an "office" under this State by virtue of the presidential call acquires an "office" in the active military service of the United States, and our opinion above has reference only to that situation. However the following fact situations, we feel, should be considered:

1. Assume that a National Guardsman holding a State "office" by virtue of the presidential call acquires, not an "office" of profit or trust, but a "position" of honor, trust or profit in the active military service of the United States. To this situation, Article 16, Section 12, of the Constitution, does not apply, and the State office would not be forfeited. However, so long as the "position" of honor, trust or profit be held under the United States, under Article 16, Section 33, of the Constitution, the accounting officers of the State are prohibited from drawing or paying a warrant upon the treasury for the salary or compensation attaching to the State "office."

2.    Assume that a National Guardsman is an "employee" of the State, and by virtue of the presidential call, acquires an "office" or "position" of "honor, trust or profit" in the active military service of the United States.  To this situation Article 16, Section 12 of the Constitution does not apply, and the employee of the State would not thereby automatically lose his State employment.  However, so long as the "office" or "position" of "honor, trust or profit" in the active military service of the United States is held, under Article 16, Section 33, of the Constitution, the accounting officers of the State of Texas are prohibited from drawing or paying a warrant upon the treasury for salary or compensation attaching to the State employment.

For a discussion of Section 33, Article 16, of the Constitution, in its application to the holding of two positions at the same time, see our Opinion No. O-2607, attached hereto.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By       *Richard W. Fairchild*

Richard W. Fairchild
Assistant

RWF:rw

Encl.     APPROVED SEP 27, 1940

ATTORNEY GENERAL OF TEXAS